FILED

2010 OCT 19 AM 9:26

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **NATHAN HOOPES**<br>13267 Cenfield St<br>Alliance, Ohio 44601, | ) ) ) | **CASE NO:** 1:10CV365 RL |
| and | ) ) | |
| **DEVON HOOPES**<br>13267 Cenfield St<br>Alliance, Ohio 44601, | ) ) ) ) | **JUDGE:** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| **GULF STREAM COACH, INC.**<br>503 South Oakland Avenue<br>Nappanee, Indiana 46550, | ) ) ) ) | **COMPLAINT** |
| and | ) ) | |
| **GENERAL RV CENTER**<br>3063 Greensburg Road<br>North Canton, Ohio 44720, | ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Nathan Hoopes and Devon Hoopes (collectively, "Plaintiffs") for their complaint against Defendants Gulf Stream Coach, Inc. ("Gulf Stream") and General RV Center ("General RV") (collectively, "Defendants") state:

## JURISDICTION AND VENUE

1. Venue is proper in this court, and the court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

## PARTIES

2. Plaintiffs are individuals residing in Alliance, Ohio.

3. At all relevant times, Plaintiffs Nathan Hoopes and Devon Hoopes have been spouses of each other and have been citizens of the State of Ohio.

4. Defendant Gulf Stream is an entity of unknown origin with its principal place of business located in the State of Indiana. On information and belief, Gulf Stream is an Indiana citizen for jurisdiction purposes. Gulf Stream is in the business of manufacturing vehicles. Defendant Gulf Stream sells vehicles across the United States through authorized dealers, including General RV Center in North Canton, Ohio.

5. Defendant General RV is a Michigan corporation that is registered as a foreign corporation in the State of Ohio. General RV is an authorized dealer of Defendant Gulf Stream. General RV is a Michigan citizen for jurisdiction purposes.

## GENERAL ALLEGATIONS

6. On or about January 23, 2010, Plaintiffs executed a Retail Installment Contract and Security Agreement and a Purchase Agreement (the "Agreement") whereby Plaintiffs purchased a 2010 Gulf Stream Independence recreational vehicle, Chassis Vehicle Identification No. 1HTMPAFM29H542344 (the "RV" or "vehicle") from Defendant General RV.

7. A copy of the contract is not attached for the reason that it contains personally identifying information, it is available to the Defendants, Plaintiffs will provide a copy upon request, and it will be introduced into evidence at the trial hereof.

2

8. The purchase price for the RV, sales tax and fees was $139,210.61, as well as additional finance charges.

9. The RV was manufactured or assembled by Defendant Gulf Stream.

10. As a part of Plaintiffs' purchase of the RV, Defendant Gulf Stream extended a written warranty covering necessary repairs to the unit, which was part of the basis of the bargain of the Agreement for purchase of the RV.

11. A copy of Gulf Stream's written warranty is not attached for the reason that it is available to the Defendants, Plaintiffs will provide a copy upon request, and it will be introduced into evidence at the trial hereof.

12. Since its purchase, Plaintiffs have experience continuous problems with the RV, including, but not limited to:

- The large wall slide-out continuously breaks down despite numerous repairs and is currently not working.

- The front toilet leaks.

- The hot water heater seems to be falling out, the panel is about an inch out the side now.

- The shower is leaking all over the rear bathroom and the sink underneath.

- The locking tabs on the drawer under the bunks are broken.

- The rear bed retract won't lift the bed without a person helping to lift.

- The AC in the rear doesn't work.

- The AC on the cab doesn't work.

- The vents in the cab won't work.

- The driver seat is leaking something on the floor.

- The rear TV sound will not work.

- The power inverter won't work.

- The problems detailed in General RV work orders for the RV, including without limit, #905501, #905525, #906013 and #906751.

13. After its purchase, Plaintiffs returned the RV to Defendant General RV for repairs on three to four occasions between January 2010 and July 2010 including at least one occasion, which lasted over thirty (30) days.

14. Plaintiffs initiated the repairs by directly notifying General RV of the defective conditions of the RV, which executed work orders and performed the repairs.

15. One of the components of the RV is a slide-out room, which includes a wall which slides out to expand the living space in the vehicle. This component has experienced repeated failures, which renders the RV unusable. It has been repaired on at least three occasions and has failed shortly after each repair. On the third occasion, General RV's service manager stated that it was fixed and that plaintiffs shouldn't have any problems. Plaintiffs drove the RV to Florida for vacation where the component failed once again.

16. Defendant General RV's service manager, told Plaintiffs that the slide-out in their RV was engineered poorly and had design flaws. General RV's comments in this regard are evidence that the RV was poorly built and inspected. The defects in the RV existed at the time of delivery.

17. Upon return from Florida in July 2010, Plaintiffs informed General RV of the failure of the slide-out and other defects and General RV notified Plaintiffs that there was nothing further it could do to repair the RV.

18. The defects in factory materials and/or workmanship experienced by Plaintiffs have not been repaired within a reasonable time. The defects have made the RV unusable.

4

## COUNT I

## (MAGNUSON MOSS WARRANTY ACT)

19. Plaintiffs incorporate the allegations of all other paragraphs in this pleading as if fully rewritten herein.

20. As a result of the above, *inter alia*, Gulf Stream has breached and failed to honor its express and/or implied warranties to Plaintiffs with no valid legal defense for not performing those obligations and avoided, or attempted to avoid, one or more if its obligations. Gulf Stream knew, or should have known, that doing so would be unfair to Plaintiffs.

21. Therefore, Gulf Stream is in violation of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, by its failure to comply with its express and implied warranties and obligations.

## COUNT II

## (BREACH OF EXPRESS AND IMPLIED WARRANTIES)

22. Plaintiffs incorporate the allegations of all other paragraphs in this pleading as if fully rewritten herein.

23. The RV was sold to Plaintiffs, and serviced, with express and implied warranties by Defendants.

24. The vehicle involved in this case qualifies as a generic "lemon".

25. As a result of the above, and the allegations below, inter alia, Defendants breached their express and/or implied warranties to the injury of Plaintiffs.

26. At all times relevant, Plaintiffs were consumers.

27. At all times relevant, General RV was a supplier and merchant and an authorized representative of Gulf Stream.

5

28. Plaintiffs purchased the vehicle in reliance on the existence of a written warranty from Gulf Stream and on advertising representations and/or warranties of Defendants, including express and/or implied warranties.

29. After purchasing the vehicle, Plaintiffs discovered that it did not conform to the representations of Gulf Stream and the dealer who made its representations on behalf of Gulf Stream, inasmuch as it developed continuing malfunctions, defects and problems.

30. Through its advertising and otherwise, Gulf Stream represented that the vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs purchased the vehicle in reliance upon the belief that Gulf Stream possess a high degree of manufacturing skill and judgment.

31. Through its advertising and otherwise, Gulf Stream represented that the vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality.

32. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiffs.

33. Gulf Steam's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of the manufacturer to repair the vehicle's defects.

34. Plaintiffs provided Gulf Stream and its authorized dealer with a reasonable number of opportunities to repair the vehicle, but they have each neglected, failed, refused or

otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

35. As a result of the above facts, Defendants breached their express and/or implied warranties and representations with respect to the vehicle.

36. One or more of the defects and malfunctions in the vehicle were covered under the terms of the Defendants' express and/or implied warranties, and the Defendants' failed to repair the vehicle within a reasonable number of attempts and/or within a reasonable amount of time, thereby diminishing the use and/or safety and/or value of the vehicle.

37. Defendants and/or its authorized dealer had notices of the breaches of the warranties and the defective condition of the subject motor vehicle within a reasonable time.

38. Through its service communications and otherwise, Defendant General RV represented that it would repair Plaintiffs' RV to their satisfaction, and Plaintiffs relied upon such promise.

39. As a result of the above facts, Defendants have breached their express and implied warranties to Plaintiffs with respect to the RV.

40. As a direct and proximate result of said breach, Plaintiffs suffered, and will continue to suffer, actual, incidental, and consequential damages in excess of $75,000.

## COUNT III

### (LEMON LAW)

41. Plaintiffs incorporate the allegations of all other paragraphs in this pleading as if fully rewritten herein.

42. Plaintiffs are consumers as defined in Ohio R.C. 1345.71(A)(1) and/or Indiana or Michigan's lemon law.

43. Defendant General RV is a motor vehicle dealer as defined in Ohio R.C. 4517.01(J) and/or Indiana or Michigan's lemon law.

44. Defendant Gulf Stream is a motor vehicle manufacturer as defined in Ohio R.C. 1345.71(B) and/or Indiana or Michigan's lemon law.

45. The RV is a motor vehicle as defined in Ohio R.C. 1345.71(D) and/or Indiana or Michigan's lemon law.

46. Since its purchase, Plaintiffs have experienced continuous problems with the RV as described above in paragraph 10.

47. After a reasonable number of opportunities to attempt to correct the defects and nonconformities in the RV, Defendants have been unable to conform the motor home to the express and/or implied warranties applicable to the RV.

48. The RV has been out of service more than thirty (30) days within one year of the date of delivery.

49. The defects and conditions of the RV constitute nonconformities which substantially impair the use, value, and safety of the RV and do not conform to the express and/or implied warranties and representations of Defendants.

50. Pursuant to R.C. 1345.72(B) and 1345.75(A) and/or Indiana or Michigan's lemon law, Defendants are liable to Plaintiffs for a refund of the full purchase price, all finance charges, all incidental damages, and all reasonable attorney fees incurred by Plaintiffs.

## COUNT IV

### (BREACH OF CONTRACT)

51. Plaintiffs incorporate the allegations of all other paragraphs in this pleading as if fully rewritten herein.

52. Defendants have breached the terms of the Agreement, the warranty, and other promises made to the Plaintiffs.

53. The statements and actions by authorized representatives of General RV formed an additional contract between General RV and Plaintiffs regarding repair of the RV. Defendant General RV breached this contract by failing to repair the RV as promised.

54. As a direct and proximate result of said breach, Plaintiffs have suffered injury and damage.

## COUNT V

### (PROMISORY ESTOPPEL)

55. Plaintiffs incorporate the allegations of all other paragraphs in this pleading as if fully rewritten herein.

56. Pleading strictly in the alternative and to the extent it is determined that no enforceable contract exists between General RV and Plaintiffs, through the direct communications of its service manager in January through May, 2010, and its pattern of service repairs from January 2010 through May, 2010, Defendant General RV assured and promised to repair Plaintiffs' RV to their satisfaction.

57. Defendant General RV should reasonably have expected to induce Plaintiffs to rely on its promise to repair, and Plaintiffs did, in fact, rely on said promise to its detriment by foregoing repairs elsewhere or seeking a remedy under Defendant Gulf Stream's express warranty.

58. Injustice can only be avoided by enforcing the promise made to Plaintiffs by Defendant General RV to cure the defects and nonconformities in Plaintiffs' RV.

## COUNT VI

## (INDIANA DECEPTIVE CONSUMER SALES ACT)

59. Plaintiffs incorporate the allegations of all other paragraphs in this pleading as if fully rewritten herein.

60. Gulf Stream's actions constitute violations of the Indiana Deceptive Consumer Sales Act ("Indiana Consumer Act").

61. Plaintiffs performed all conditions precedent to private enforcement of the Indiana Consumer Act and Gulf Stream committed the following uncured unfair and/or deceptive acts or practices, among others, in relation to a consumer transaction between the parties:

  A.  Breach of express and implied warranties, either directly and/or via its agent.

  B.  Violation of the Magnuson Moss Warranty Act, either directly and/or via its agent.

  C.  Violation of Indiana Consumer Act, either directly and/or via its agent.

  D.  Representing that the subject of a consumer transaction has uses or benefits that it does not have which the supplier knows or should reasonably know it does not have, either directly and/or via its agent.

  E.  Failing to remedy defects in a warranted motor vehicle within a reasonable number of attempts, either directly and/or via its agent.

  F.  Failing to remedy defects in a warranted motor vehicle within a reasonable amount of time, either directly and/or via its agent.

  G.  Failing to honor a request to take the vehicle back and/or rescind and/or cancel the transaction, either directly and/or via its agent.

  H.  Failing to honor a request to take the vehicle back and rescind and/or cancel the transaction within a reasonable amount of time, either directly and/or via its agent.

62. In addition to the above, Gulf Stream violated the Magnuson Moss Warranty Act in one or more manners, and knew or should have known that doing so would be a deceptive practice in relation to the Plaintiffs, but did it anyway, and that was deceptive to the Plaintiffs.

63. In addition to the above, Gulf Stream breached and/or failed to honor its express and/or implied warranties to Plaintiffs, and had a legal obligation to Plaintiffs with no valid legal defense for not performing those obligations, but avoided, or attempted to avoid, one or more of its obligations. Gulf Stream knew, or should have known that doing so would be a deceptive practice in relation to the Plaintiffs, but did it anyway, and that was deceptive to Plaintiffs.

64. As a result of the above, inter alia, Gulf Stream committed one or more acts and/or representations as to the subject matter of a consumer transaction, constituting a deceptive practice in violation of the Indiana Consumer Act, before, during, or after a consumer transaction between Plaintiffs and a supplier in relation to the RV.

65. The Plaintiffs seek to recover all damages available under the Indiana Consumer Act.

## COUNT VII

### (MICHIGAN CONSUMER PROTECTION ACT)

66. Plaintiffs incorporate the allegations of all other paragraphs in this pleading as if fully rewritten herein.

67. Plaintiffs are "person[s]" as defined in the Michigan Consumer Protection Act. M.C.L. § 445.902(b).

68. The transactions complained of constitute "trade or commerce" as defined in the Michigan Consumer Protection Act. M.C.L. § 445.902(c).

69. General RV's actions constitute violations of the Michigan Consumer Protection Act. Among other things, General RV employed unfair, unconscionable, or deceptive methods and practices by:

- Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

- Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

- Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

- Representing that a consumer will receive goods or services "free" or "without charge", or using words of similar import in the representation, without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

- Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

70. As a result of these actions, General RV is in violation of the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.* and Plaintiffs seek to recover all damages available under the Act.

## COUNT VIII

### (OHIO CONSUMER SALES PRACTICES ACT)

71. Plaintiffs incorporate the allegations of all other paragraphs in this pleading as if fully rewritten herein.

72. Plaintiffs are consumers as defined in Ohio R.C. 1345.01(D).

73. Defendants are suppliers as defined in Ohio R.C. 1345.01(C).

74. Plaintiffs and Defendants have engaged in a consumer transaction ad defined in R.C. 1345.01(A).

75. Defendants have failed to make the repairs necessary to conform the RV to its express and/or implied warranties and/or representations.

76. Defendants have committed unfair, deceptive, and unconscionable acts or practices in violation of the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*, and are therefore liable to Plaintiffs for an award of actual damages, treble damages, and reasonable attorney fees.

**WHEREFORE**, judgment is demanded against Defendants as deemed proper and lawful by the court, alternatively as follows:

### PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the court, for each and every violation that may be proven at trial, in the amount of more than $75,000.

2. On the second and third claims, damages, remedies, and relief as deemed proper and lawful by the court, for each and every violation that may be proven at trial, in the amount of more than $75,000.

3. On the fourth and fifth claims damages in the amount of more than $75,000.

4. On the sixth, seventh and eighth claims, actual damages, statutory damages, remedies, and relief as deemed proper and lawful the by the court, for each and every violation that may be proven at trial, in the amount of more than $75,000;

### ALTERNATIVE PRAYER FOR RELIEF

Or in the alternative to the damages set forth in the prayer above,

1. On all claims, revocation and/or rescission of the contract plus statutory remedies and relief as deemed proper, equitable and lawful by the court, for each and every violation which may be proven at trial;

2. Plus on each and every claim, expenses of suit and litigation, interest from the date the contract was consummated, and an order finding Plaintiffs to have rescinded the transaction and/or to have revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable, comprised of the maximum number of jurors permitted by law.

Respectfully submitted,

BLACK, McCUSKEY, SOUERS & ARBAUGH

By: *Thomas W. Connors*

Thomas W. Connors (0007226)
James M. Wherley, Jr. (0073932)
220 Market Avenue South
Suite 1000
Canton, OH 44702
Phone No. (330) 456-8341
Fax No. (330) 456-5756
tconnors@bmsa.com;
jwherley@bmsa.com

Attorneys for Plaintiffs

twc\pleadings 2010\Hoopes v Gulf Stream Complaint.doc\10/07/10\jlf