UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHAN HOOPES, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    CAUSE NO.  1:10-CV-365 |
| | ) |
| GULF STREAM COACH, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order.  (Docket # 45, Ex. B.)  As the proposed order is deficient in several respects, it will be DENIED.

First, the order is overly broad and vague.  It seeks to protect "materials that are broadly denoted 'trade secrets,' . . . [which] could include manufacturing processes, engineering, testing and design of the recreational vehicle and its components, pricing, dealer lists and the like." (Proposed Order at 3.)  The order further informs that "[t]his list is not exhaustive or exclusive, but illustrative." (Proposed Order at 3.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id*.; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind.

2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the term "trade secrets" is not defined and, even if it were, the phrase "broadly denoted" preceding its use compounds the term's vagueness.  Furthermore, the list of materials denoted in the order is overly broad since it is illustrative and not exclusive.

Moreover, the proposed order, which is not expressly limited to the discovery phase of the proceedings, makes no effort to specify why the purported protected materials are confidential.  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

And finally, *Cincinnati Insurance* specifies that a protective order may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." 178 F.3d at 946*.*  Here, the proposed order contains no such language.

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the proposed stipulated

protective order submitted by the parties (Docket # 45).

    SO ORDERED.

    Enter for this 17th day of July, 2012.

                                           S/ Roger B. Cosbey
                                           Roger B. Cosbey,
                                           United States Magistrate Judge