UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
AT FORT WAYNE

NATHAN HOOPES, et. al.                    CASE NO 1:10-cv-00365-RL-RBC

    PLAINTIFFS                         JUDGE JON E. DeGUILIO

    - VS. -

GULF STREAM COACH, INC.                  PLAINTIFFS' TRIAL BRIEF

    DEFENDANT

---

Now comes Plaintiffs, pursuant to this Court's order, and submits the following trial brief summarizing the material facts and applicable law in the above captioned case.

## I.   ISSUES TO BE TRIED

This case arose out of the sale of a defective 2010 Gulfstream Super Nova 6400. On January 23, 2010, Plaintiffs Nathan and Devon Hoopes purchased a 2010 Gulfstream Super Nova motor home from a Gulf Stream Coach dealer in Ohio, General Rv Center ("General RV"). Defendant Gulf Stream Coach, Inc. ("Gulf Stream") manufactured and distributed the Rv. As part of the deal, the 2010 Gulfstream Super Nova came with a written warranty from Gulf Stream provided a one year warranty under normal use against defects in Gulf Stream

materials and workmanship and a two year warranty against structural defects in Gulf Stream materials and workmanship in the construction of the floors, walls and roof.

Since purchasing the RV, Plaintiffs have experienced continuous problems with the RV. Plaintiffs informed Gulf Stream's authorized dealer, General RV, of the RV's defects and General RV obtained repair authorization from Gulf Stream and repair attempts occurred until General RV notified Plaintiffs that there was nothing further it could do to repair the RV. Despite multiple repair attempts, the RV's slide out room and other defects were not repaired within a reasonable number of attempts or within a reasonable amount of time. Eventually Plaintiffs lost all faith and confidence in the RV and Gulf Stream itself or the ability of Gulf Stream's dealer to fix the Rv's defects, once and for all time. As such, Plaintiffs were forced to file this action.

Based on the foregoing facts, the following are the issues of disputed facts to be tried:

1.    Whether the plaintiffs gave the defendant's authorized dealer representative a reasonable number of opportunities to repair the subject Rv under defendant's warranty on the subject Rv.

2.    Whether the plaintiffs gave defendant's representative a reasonable amount of time to repair the subject Rv under defendant's warranty on the subject Rv.

3.    Whether the defendant's warranty failed of its essential purpose.

4.   Whether General Rv repaired the plaintiff's complaints about the Rv when it was submitted to it for repairs.

5.   Whether General Rv's warranty-covered repair work was ratified by the defendant.

6.   Whether the defendant committed any abusive, unfair or deceptive act upon plaintiffs.

7.   Whether the plaintiffs suffered any damages from defendant's breach of its warranty on the subject Rv.

8.   What is the amount of Plaintiffs' actual damages, if any.

9.   What is the amount of Plaintiffs' incidental and consequential damages allowed under the Indiana Deceptive Practices Act, if any.

10.  Whether any violation by defendant of the Indiana Deceptive Practices Act was wilful and, if so, what damages flow therefrom.

## II.   ELEMENTS OF CLAIMS

Plaintiffs have asserted the following causes of action against Defendant: (1) Breach of Express & Implied Warranties, (2) violation of the Magnuson Moss Warranty Act, and (3) violation of the Indiana Deceptive Consumer Sales Act.

### 1.   Succinct Statement of Fact

The 2010 Gulfstream Super Nova Rv which Plaintiffs purchased was manufactured, assembled, distributed, and warranted by Defendant.

While experiencing continuous problems with the RV's main slide out room, including a broken cable, a water leak, the trim coming off, and stripped

screws, Plaintiffs also experienced numerous other defects, most of which were subjected to warranty-covered repair attempts by Gulf Stream's authorized dealer.

Plaintiffs took the RV to General RV at least three (3) times within six (6) months to have the RV's defects repaired and/or serviced. Each time, General RV performed repair attempts. Despite its attempts, General RV failed to repair the slide out room.

General RV's service manager told Plaintiffs that the slide out room in their RV was engineered poorly and had design flaws. General RV also notified Plaintiffs that there was nothing further it could do to repair the RV. Defendant also inspected the RV's slide out room. Upon inspection, Defendant informed Plaintiffs that the problem with the slide out room mechanism was a failure by General RV to tighten a lock nut in the slide out room mechanism while performing the warranty-covered repair attempts.

## 1. Breach of Express & Implied Warranties

Based on the foregoing facts, Defendant has breached both its express warranty and implied warranties. A warranty was given, complaints registered, notice and multiple repair opportunities occurred, repairs were not successful, Defendant's dealer would do nothing further, and Plaintiffs were damaged as a result.

As part of the sale of the RV, Defendant gave Plaintiffs an express

warranty that would cover all necessary repairs of the RV.[1] Plaintiff notified General RV of the RV's defects.[2] General RV was and is an authorized Gulf Stream dealership permitted to sell and service vehicles distributed by Defendant.[3] General RV, on behalf of Defendant, then attempted to repair and/or service the RV on at least three (3) occasions. Despite numerous repair attempts, the RV is still not fixed.

In addition to the express warranty, Defendant also warranted that the RV was merchantable and fit for ordinary use.[4] Any attempt by Defendant to disclaim the implied warranties is ineffective.[5]

Defendant has breached both its express and implied warranties. A warranty is deemed breached where circumstances cause a warranty to fail of its essential purpose.[6]  A warranty fails of its essential purpose where application of the remedy will not further the purpose of the warranty itself.[7]

---

[1] I.C. 26-1-2-313(1)(a). Any affirmation of fact or promise, made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain, creates an express warranty that the goods shall conform to the affirmation or promise.

[2]  I.C. 26-1-2-607. Within a reasonable time after a consumer discovers or should have discovered any breach of the contract, the consumer must notify the supplier of the breach or be barred from any remedy on the breach.

[3] See Stipulation # 7.

[4] I.C. 26-1-2-314(2)(c).

[5] 15 USCS §2308; I.C. 26-1-2-314; *See* I.C. 26-1-2-316.

[6] *See* I.C. 26-1-2-719(2).

[7] *Cimino v. Fleetwood Enterprises, Inc.* (N.D. Indiana 2008), 542 F.Supp.2d. 869, 887; *Parker v. Gulf Stream Coach, Inc.* (2005), 814 N.E.2d 634, 643.

Whether a warranty failed its essential purpose is a question of fact to be decided by the jury.

Here, Plaintiffs have properly plead that Defendant's warranty failed its essential purpose.[8] In the Complaint, Plaintiffs allege that Defendant had multiple repair attempts to remedy the RV's defects. However, not only did Defendant fail to repair the RV's defects within a reasonable time, it failed to remedy the defects at all.[9] As such, Defendant breached both its warranties. Since Defendant's warranty failed its essential purpose, Plaintiffs are entitled to all remedies provided by statute.[10]

Since Defendant breached its express and implied warranties, Plaintiffs may recover actual damages as well as incidental and consequential damages resulting from the breach of warranty .[11]

**2.    Magnuson Moss Warranty Act**

Based on the same facts as described above, Defendant's failure to comply with its express and implied warranties is a violation of the Magnuson

---

[8] See Fed. Civ. R. 8(a); see also *Vincent v. City Colls. Of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007) ("Civil Rule 8 calls for a short and plain statement; the plaintiff pleads claims, not facts or legal theories.").

[9] See *Cimino v. Fleetwood Enterprises, Inc.*, 542 F.Supp.2d. 869, 887 (N.D. Ind. 2008); see also *Swan Lake Holdings, LLC v. Yamaha Golf Cart Co.*, No. 3:09-CV-228-PPS, 2010 U.S. Dist. LEXIS 103405, *12 (N.D. Ind. Sep. 27, 2010) (finding that evidence that Yamaha's limited remedy of repair or replacement failed its essential purpose where attempted repairs failed to correct the problem.)

[10] See *Perry v. Gulf Stream Coach, Inc.*, 814 N.E.2d 634, 642-644 (Ind. Ct. App. 2004) (holding that, despite numerous repair attempts, Gulf Stream failed to repair the motor home's braking and steering problem. As such, Gulf Stream's limited remedy of repair or replacement of parts failed of its essential purpose and, thus, Plaintiffs were able to claim all buyer's remedies provided by statute).

[11] I.C. 26-1-2-714(2)-(3).

Moss Warranty Act.[12] Further, Defendant's attempt to disclaim or modify the implied warranties when it gave the consumer a written warranty is ineffective.[13] The elements of a breach of warranty constitute the elements of a violation of the Magnuson Moss Act, which adds the remedy of recovery of attorney fees and costs for the consumer-plaintiff.

### 3.    Indiana Deceptive Consumer Sales Act

As a statutory cause of action, the elements of this claim are laid out in the statute.

Defendant's actions also violated the Indiana Deceptive Consumer Sales Act. Under Indiana law, it is unlawful for a supplier to commit any unfair, abusive, or deceptive act or omission or practice in connection with a consumer transaction.[14]

Such an act, omission or practice by a supplier is a violation of this law whether it occurs before, during, or after the transaction.[15] An act, omission, or practice prohibited by this law includes both implicit and explicit misrepresentations.[16]

Under Indiana law, a "consumer transaction" means, among other

---

[12] 15 U.S.C. §  2310(d)(1).

[13] 15 U.S.C § 2308.

[14] I.C. 24-5-0.5-1 et seq.

[15] I.C. 24-5-0.5-3(a).

[16] I.C. 24-5-0.5-3(a).

things, a sale or other disposition of an item of personal property, or a service, to a person for purposes that are primarily personal, familial, or household, or a solicitation to supply any of these things.[17] Here, Plaintiffs engaged in a consumer transaction when they purchased the RV from General RV. The parties have stipulated that Plaintiffs purchased the RV primarily for personal, familial, or household use.[18] Further, the parties stipulated that Defendant is a supplier and merchant of the RV.[19] As such, a consumer transaction took place between them.[20]

Under Indiana law, it is unfair, abusive or deceptive act or omission or practice, for a supplier, as part of a consumer transaction, to:

(1) Represent that the subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have.

(2) Represent that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not.

---

[17] I.C. 24-5-0.5-2(a)(1).

[18] *See* Stipulation # 3, 6.

[19] *See* Stipulation # 4-5.

[20] *See* I.C. 24-5-0.52(a)(1), (2), (3), (4).

Page 8

(3) Represent that the consumer transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies, or obligations, if the representation is false and if the supplier knows or should reasonably know that the representation is false.[21]

Defendant published advertisements promising quality design and construction that would make the Rv ready for travel whenever needed, but that is not what this Rv provided.

Here, Defendant represented that the RV would be free of defects for 12 months and gave Plaintiffs a written warranty that defects would be repaired, but eventually that representation of Plaintiffs' rights, remedies and obligations also proved to be untrue. The subject RV had substantial slide out room defects as well as an inoperable A/C unit, inoperable A/C vents, inoperable power inverter, inoperable back up camera, inoperable DVD player, inoperable step, inoperable brake lights, the rear jacks will not retract, the bed will not retract, the toilets leak, the hot water heater is falling out, the show leaks, drawer tabs are broken, the driver's seat leaks, a broken tv bracket, a broken latch on the bedroom mirror, a cracked non-impact defender skirt, the sleeper sofa brackets would not touch the floor, and stripped screws. And eventually Defendant's authorized repair facility, the Ohio dealer, said they could do nothing more to cure the Rv's defects. Defendant's warranty promised that it

---

[21] I.C. 24-5-0.5-3(b).

would "arrange repair or replacement" and that "Gulf Stream is ready, willing and able to make every effort for a quick response" but that did not happen. Thus, the representation of rights, remedies and obligations was not true. It is not required that Plaintiffs prove that the Defendant intended to deceive them.[22] Thus, Defendant misrepresented the RV in violation of I.C. 24-5-0.52(a)(1)-(4).

In spite of its warranty promises, and its breach of those warranties, Gulf Stream's warranty attempts to unfairly limit its liability even when the warranty fails of its essential purpose, as it did here, which Plaintiffs argue is abusive and deceptive since the Commercial Code opens up all remedies upon the failure of the warranty's purpose.

Further, it is an unfair, abusive, or deceptive act or omission or practice, for a supplier to include any representation on or within a product or its packaging or in advertising or promotional materials which would constitute a deceptive act.[23] Here, Defendant committed an unfair, abusive, or deceptive act when it represented that the RV would be free of defects for 12 months. However, Plaintiffs took the RV to General RV for repairs and/or service on multiple occasions, yet the RV was not and is not fixed. Thus, Defendant

---

[22] *Perry v. Gulf Stream Coach, Inc.*, 814 N.E.2d 634, 647, 2004 Ind. App. LEXIS 1718, *30, 54 U.C.C. Rep. Serv. 2d (Callaghan) 769 (Ind. Ct. App. 2004) ("Intent is not essential to an uncured deceptive act.")

[23] I.C. 24-5-0.5-3(c).

Page 10

committed an unfair, abusive or deceptive act in violation of the Indiana consumer protection act.

Further, under the Indiana's consumer protection act, a supplier commits an unconscionable act if the supplier solicits a person to enter into a contract or agreement:

(1) that contains terms that are oppressively one sided or harsh; or

(2) in which the terms unduly limit the person's remedies,

and there was unequal bargaining power that led the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement.[24]

Here, Defendant committed an unconscionable act when it solicited Plaintiffs to enter into the warranty because the Defendant's warranty contains terms that are oppressively one sided or harsh and/or unduly limit the Plaintiffs' remedies because the warranty is limited to one year even if the RV was in the repair shop on multiple occasions. Further, unequal bargaining power between Plaintiffs and Defendant led Plaintiffs to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement. Plaintiffs were not even provided with a copy of the warranty's terms until after the purchase of the RV. As such, Plaintiffs did not have the opportunity to review or negotiate the warranty's terms. Therefore, Defendant

---

[24] I.C. 24-5-0.5-10(b).

Page 11

committed an unconscionable act in violation of I.C. 24-5-0.5-10(b).

Here, since Defendant committed an unfair, abusive, deceptive, and/or unconscionable act prohibited by the Indiana consumer sales act, Plaintiffs are entitled to the damages they actually suffered as a result of the unfair, abusive, deceptive, and/or unconscionable act.[25]  The statute defines "damages" as "[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay  losses."[26]  Further, it is no excuse for Defendant to argue that the unfair, abusive, deceptive, and/or unconscionable act is an industry-wide practice.[27] Thus, Plaintiffs are entitled to recover damages resulting from Defendant's violation of the Indiana Deceptive Consumer Sales Practices Act.

## III.   STIPULATIONS

The parties to this case have agreed on the following statements as being the truth about what happened between them:

1.   Defendant is a merchant and supplier, Plaintiffs are each a consumer, and a consumer transaction occurred between them, under the laws involved in this case, i.e., the Commercial Code, the Magnuson Moss Warranty Act,

---

[25] I.C. 24-5-0.5-4(a).

[26] Black's Law Dictionary (7th Ed. 1999) 394.

[27] *P. F. Collier & Son Corp. v. FTC* (6th Cir., 1970), 427 F.2d 261, at 275; *Commonwealth v. DeCotis* (Mass.App. 1974), 316 N.E.2d 748, at 753, citing *Minter v. FTC* (1939), 102 F.2d 69, at 70; *International Art Co. v. FTC* (1940), 109 F.2d 393, at 397; cf, *Encyclopaedia Britannica, Inc. v. FTC*, 605 F.2d 964, 1979 U.S. App. LEXIS 12756, 1979-2 Trade Cas. (CCH) P62,793, 5 Media L. Rep. 1685 (7th Cir. 1979).

and the Indiana Deceptive Practices Act.

2.      Defendant designed, manufactured and warranted the subject Rv.

3.      The Rv was sold with a limited warranty from Gulf Stream.

4.      Plaintiffs were, at all times, the legal owners of the subject Rv.

5.      Plaintiffs presented their complaints about the Rv to General Rv.

6.      Defendant paid General Rv for the warranty-covered repairs and services it
        performed on the Rv in response to Plaintiffs' complaints.

7.      Prior to filing this lawsuit, Plaintiffs gave notice to defendant of their claim
        of breach of warranty and violation of the Magnuson Moss Warranty Act
        and the Indiana Deceptive Practices Act.

## IV.    EVIDENTIARY AND LEGAL ISSUES

Plaintiffs currently have four motions in limine pending before this

Court.

### 1.    Motion in Limine to Exclude Defense Expert Evidence

In the motion in limine, Plaintiffs request this Court bar the introduction

of any argument, evidence, or testimony of expert opinions by the Defendant in

this case. Defendant has not disclosed any expert witness and Plaintiffs would

be severely prejudiced by any attempt by Defendant to present any expert

evidence. Counsel for the Defendant was advised of this motion on August 4,

2015 and stated the Defendant would not oppose it.

### 2.    Motion in Limine to Prohibit Defendant and Witnesses from Referencing Previously Named Defendants as "Defendants"

In their motion, Plaintiffs request this Court prohibit Defendant or any witness from referencing, mentioning Plaintiffs settled with previously named defendants, Norco Industries and General RV Center, in exchange for their testimony against Defendant. However, this is simply not true. Instead, the previously named defendants were dismissed from this action. Any reference to the previously named defendants is not relevant to the existing claims and will only confuse the issues and mislead the jury.[28]

**3.      Motion in Limine to Exclude Evidence of Criminal Conviction**

This issue is fully briefed in Plaintiffs' motion in limine to exclude evidence of criminal conviction. In their motion, Plaintiffs request this Court exclude evidence of Plaintiff's expert Thomas Bailey's twenty-two (22) year old criminal conviction. Mr. Bailey's conviction is more than ten (10) years old and completely irrelevant to his expertise. Since the probative value of Mr. Bailey's conviction does not substantially outweigh its prejudicial effect, the criminal conviction should be barred from admission under Fed. R. Evid. 609(b).

**4.      Motion in Limine and for Bifurcation of Attorney Fee Issue**

In the motion in limine and for bifurcation of attorney fee issues, Plaintiffs request this Court bifurcate the attorney fee issue from the litigation of the liability and damages portion of this case. Plaintiffs also request this Court bar the parties from presenting any argument, evidence, or testimony

---

[28] Fed. R. Evid. 401, 403.

about attorneys fees at the trial.

Although the jury is to determine all factual issues, the issue of attorney fees and costs is solely within the providence of this Court to determine in accordance with the relevant statutes and evidence after Plaintiffs have prevailed on the merits.

## V.     ANTICIPATED TESTIMONY OF EACH WITNESS

The following is the anticipated testimony of each witness:

### 1.     Nathan and Devon Hoopes

Nathan and Devon Hoopes are the Plaintiffs in this case. Plaintiffs are expected to testify about the purchase of the 2010 Gulfstream Super Nova from General RV on January 23, 2010. Plaintiffs are expected to testify that, as part of the deal, the 2010 Gulfstream Super Nova came with a written warranty from Defendant. Plaintiffs will testify that after purchasing the RV, they began experiencing continuous problems with the RV, including the slide out room defects and other defects. Plaintiffs will testify that they informed General RV, an authorized dealership of Gulf Stream, of the RV's defects and took the RV to General RV on multiple occasions to have the RV repaired and/or serviced. Plaintiffs will testify that after repeated repair attempts, RV Center notified them that there was nothing further it could do to repair the RV. Plaintiffs are also expected to testify that, despite having multiple repair opportunities, the RV's slide out room and other defects were not and are still not repaired,

among other things. Plaintiffs are also expected to testify to the RV's values.

**2.    Brian Diggs**, known as "Brian Biggie"

Brian Diggs is or was an employee of General RV. Mr. Diggs is expected to testify about Plaintiffs' complaints about the RV's defects. Mr. Diggs is expected to testify about the repairs and/or services performed on the RV at General RV. He is expected to testify live but if not his deposition will be read.

**3.    Tony Sudden**

Tony Sudden is or was an employee for Defendant. Mr. Sudden is expected to testify about Defendant's records, warranty processes, the RV's repair history and its defects, among other things. He is expected to testify live but if not his deposition will be read.

**4.    Bernie Garceau, Expert Witness**

Bernie Garceau is or was an employee of Norco Industries, Inc. Mr. Garceau is expected to give expert testimony about his inspection of the RV, the RV's slide out room defects and its Norco-supplied mechanisms. Mr. Gareau is also expected to testify about his personal knowledge, experience, and testing related to the slide out room mechanisms and cable failures, among other things.[29]

**5.    Elizabeth Geniere and Cindy Hathaway and Gurusaran Sriran**

These witnesses are all present or former employees of Defendant and

---

[29] See March 25, 2016 Opinion and Order, p. 17-18 (ECF 122).

are expected to testify about Defendant's records, warranty processes, the relationship between Defendant and its authorized retail sales and services Dealers, Plaintiffs' complaints and the warranty claims made under Defendant's warranty, among other things. Ms Geniere and Mr Sriran are expected to testify live but if not their depositions will be read.

**6.     Dr Jon S. Gerhardt, Expert Witness**

Dr Gerhardt will give expert testimony about his inspection of the subject RV, the Rv's slide out room and its mechanism, the defects and design and failures, among other things.

**7.     Tom Bailey, Expert Witness**

Mr Bailey will give expert testimony about his inspection of the subject Rv and the Rv's values, among other things.

In addition, the Defendant will call some of these witnesses and other witnesses listed in the Joint Final Pretrial Order.

Respectfully submitted,

/s/Ronald L. Burdge
RONALD L. BURDGE     (0015609)
Co-Counsel for Plaintiffs
8250 Washington Village Drive
Dayton, Ohio 45458-1850
Telephone:  937.432.9500
Facsimile:   937.432.9503
Email:      Ron@BurdgeLaw.com

**CERTIFICATION**

A copy of the foregoing was filed electronically on October 13, 2016.

Page 17

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/Ronald L. Burdge

RONALD L. BURDGE        (0015609)
Co-Counsel for Plaintiffs

Z:\data\Hoopes\Trial\Plf Trial Brief 101316 ss.wpd