UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
AT FORT WAYNE

| | |
|---|---|
| **NATHAN HOOPES, et. al.** | CASE NO 1:10-cv-00365-RL-RBC |
| PLAINTIFF | JUDGE JON E. DeGUILIO |
| - VS. - | |
| GULF STREAM COACH, INC. | PLAINTIFFS MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT GULF STREAM COACH, INC.'S SUPPLEMENTAL TRIAL BRIEF |
| DEFENDANT | |

Plaintiffs hereby submit their memorandum of law in response to Defendant's supplemental trial brief.[1]

**1. Plaintiffs have properly asserted a claim for substantive violations of the Magnuson Moss Warranty Act.**

In its supplemental brief, Defendant argues that Plaintiffs have failed to sufficiently alleged a claim for violation of the Magnuson Moss Warranty Act's ("MMWA") substantive provisions because the Complaint does not reference the implementing regulations of the MMWA.[2] To support its argument, Defendant relies on persuasive district court decisions in Illinois and Arkansas.

---

[1] ECF No. 154.

[2] See Defendant Gulf Stream Coach, Inc.'s Supplemental Trial Brief, pg. 1-2. (ECF No. 154).

1

Under the MMWA, limited warranties must "fully and conspicuously disclose in simple and readily understood language (their) terms and conditions....", which are referred to as the Act's "form and content standards."[3] Put simply, the cause of action provision of the MMWA refers to three categories of claims: (1) breach of the "form and content" standards, (2) breach of written warranty, and (3) breach of implied warranty.[4] This Court has said that the "form and content" standards are subject to judicial enforcement and individual consumers are all authorized to enforce the "form and content" standards.[5] It is of note that an action for breach of the "form and content" standards is not subject to the opportunity to cure provision of the MMWA.[6] Moreover, section 2310(d) also makes any failure to comply with the requirements of the Act a violation of the Federal Trade Commission Act.[7]

Plaintiffs have sufficiently alleged substantive violations of the MMWA, which include violation of the "form and content" provision and the breach of warranty provisions. More specifically, in the Complaint, Plaintiffs allege that Defendant failed to

---

[3] 15 U.S.C. § 2302(a).

[4] Id. at 1031-1032 ("Section 2310(d)'s private cause of action for individual consumers, however, covers more than just the "form and content" provisions of the Act; it also permits consumers to sue for breach of written or implied warranties pertaining to consumer products.").

[5] Id. at 1031-1032.

[6] Id. at 1034.

[7] 15 U.S.C. § 2310(d); see also *Skelton v. Gen. Motors Corp.*, 660 F.2d 311 (7th Cir. 1981)

perform, avoided, or attempted to avoid one or more of its obligations.[8] As such, Plaintiff has sufficiently alleged substantive violations of the MMWA.

Next, Defendant argues that a violation of the "form and content" standards of the MMWA more properly forms the basis of a claim for unfair or deceptive acts or practices under the MMWA and FTC rules. Plaintiffs disagree with this assertion based on this Court's analysis in *Gorman*.

However, if this Court is inclined to agree with Defendant, then the Court should note that Plaintiffs have asserted a violation of the MMWA as a basis for their consumer act claim. In the Second Amended Complaint, Plaintiffs allege that "defendants violated the Magnuson Moss Warranty Act in one or more manners, and knew or should have known that doing so would be a deceptive practice in relation to Plaintiffs, but did it anyways, and that was deceptive to the Plaintiffs."[9] It should also be noted that this claim was alleged separately from Plaintiffs claim that Defendant deceptively breached its express and/or implied warranties.[10]

As such, Plaintiffs have sufficiently alleged violations of the substantive provisions of the MMWA, including the "form and content" standards and breach of express and implied warranties.

---

[8] Second Amended Complaint, ¶ 23. (ECF No. 55).

[9] Second Amended Complaint, ¶ 60. (ECF No. 55).

[10] See Second Amended Complaint, ¶ 61. (ECF No. 55).

3

## 2. Whether Defendant's warranty complies with the substantive provisions of the Magnuson Moss Warranty Act is a mixed question of law and fact.

In its brief, Defendant argues that whether a warranty complies with the substantive provisions of the MMWA is to be decided as a matter of law. It is important to distinguish between the MMWA's substantive provisions.

With regards to the MMWA's statutory provisions for breach of express and implied warranties, it is well established that a breach of warranty is a question of fact.[11] Further, if this Court accepts Defendant's proposition that a violation of the MMWA's substantive provisions constitutes a deceptive act, then whether the Defendant committed an unfair and/or deceptive act or practice is also a question of fact.[12]

However, whether Defendant violated the "form and content" standards of the MMWA is a mixed question of law and fact. Plaintiffs do not dispute that whether a term is conspicuous is a question of law.[13] But, whether the warrantor violated its statutory obligation to include all of the required disclosures, including any exclusions or limitations, is a question of fact. Further, whether the warrantor violated its statutory obligation to disclosure the warranty terms in simple and readily understood language is

---

[11] *Fairmont Homes, Inc. v. Bluelinx Corp.*, No. 3:09-CV-323 CAN, 2011 U.S. Dist. LEXIS 115339, *13 (N.D. Ind. Oct. 4, 2011) (citing *Thompson Farms, Inc. v. Corno Feed Prods., Div. of Nat'l Oats Co., Inc.*, 173 Ind. App. 682, 366 N.E.2d 3, 19 (Ind. Ct. App. 1977)).

[12] See *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327 (Ind. 2013); *Abt v. Mazda Am. Credit*, 25 F. Supp. 2d 860, 865 (N.D. Ill. 1998) ("Whether a party's conduct violates the Consumer Fraud Act is a questions of fact to be determined by the trier of fact.")

[13] *LDT Keller Farms v. Brigitte Holmes Livestock Co.*, 722 F. Supp. 2d 1015, 1025 (N.D. Ind. 2010) (citing Ind. Code § 26-1-1-201(10)).

a question of fact. As such, whether the any exclusions or limitations are properly disclosed in Defendant's warranty is a question of fact to be decided by the jury.

16 C.F.R. § 701.3 mandates that a warrantor clearly and conspicuously disclose in a single document in simple and readily understood language any limitation on the duration of implied warranties and any exclusions of or limitations on such relief such as incidental or consequential damages.[14] If a warrator includes any exclusions or limitations, then the regulation requires certain statements to be included. Subsection 7 states that any limitations on the duration of implied warranties must be accompanied by the following statement: "Some States do not allow the limitations on how long an implied warranty lasts, so the above limitation may not apply to you."[15] And, subsection 8 states that any exclusions or limitations on relief, such as incidental and consequential damages, must be accompanied by the following statement: "Some States do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you."[16]

Here, Defendant's warranty does not comply with 16 C.F.R.§ 701.3(a).[17] Plaintiffs anticipate that Defendant will assert that its warranty excludes incidental and consequential damages since the warranty states, "All obligations of Gulf Stream pursuant to this Limited Warranty are limited to replacing or repairing the defective

---

[14] 16 C.F.R. § 701.3(a)(7)-(8). (Exhibit 1).

[15] 16 C.F.R. § 701.3(a)(7).

[16] 16 C.F.R. § 701.3(a)(7)-(8).

[17] Gulf Stream Coach, Incorporated Motorized Limited Warranty (Exhibit 2).

part or component."[18] This language does not meet the statutory requirements. Despite not including the words incidental, consequential, or damages, Defendant expects a consumer to understand that this language limits their right to recover incidental and consequential damages. Not only does Defendant's warranty fail, on its face, to include an exclusion or limitation of incidental or consequential damages, but Defendant's warranty also fails to include the mandatory disclaimer language required by 16 C.F.R.§ 701.3(a). Moreover, the words "incidental and consequential damages" are not even mentioned anywhere in Defendant's warranty.

As such, Defendant's warranty does not comply with 16 C.F.R.§ 701.3(a). Even though a Court must decide whether the provisions are conspicuous, the jury must decide whether warranty complies with the statute and whether the "disclaimer" in Defendant's warranty is in simple and readily understandable language.

**3.   A warrantor's failure to comply with the form and content standards of the MMWA renders the warranty null and void.**

In its supplemental trial brief, Defendant asserts that any failure to satisfy the disclosure requirements does not negate exclusions and disclaimers of warranty; as such, Plaintiffs are still bound by the terms of the warranty.[19] In essence, Defendant argument is that, even if it failed to properly disclaim any limitations or exclusions in accordance with the MMWA, Plaintiffs are still bound by the warranty's terms.

---

[18] Id.

[19] See Defendant Gulf Stream Coach, Inc.'s Supplemental Trial Brief, pg. 2. (ECF No. 154).

However, this argument is contrary to both the statute and public policy. First, when a warrantor improperly disclaims an implied warranty, the MMWA provides a statutory remedy: "A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law."[20] Therefore, as one court in the Northern District of Georgia has stated, "if defendant did in fact try to disclaim any implied warranties, such disclaimer would be void and plaintiffs would be able to proceed against defendant on breach of implied warranties claims."[21] It necessarily follows that when a warrantor improperly disclaims any exclusions or limitations of incidental and consequential damages, then the disclaimer is rendered void.

Second, it runs contrary to public policy and spirit of the MMWA if a warrantor is able enforce terms that were not properly disclosed or disclaimed in accordance with the regulation. The MMWA is largely a disclosure statute that establishes certain requirements for written warranties.[22] The Seventh Circuit has stated that the MMWA was enacted because consumer product warranties often were too complex to be

---

[20] 15 U.S.C. § 2308(c).

[21] *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1330 (N.D. Ga. 2004); see also *Maloney v. Microsoft Corp.*, No. 09-2047, 2011 U.S. Dist. LEXIS 134841 (D.N.J. Nov. 21, 2011) ("However, similar to the substantive violation for improperly disclaiming an implied warranty, the remedy for violating this disclosure requirement should be to nullify any purported effect of what was not disclosed."); *Voelkel v. G.M.C.*, 846 F. Supp. 1468, 1474 n.2 (D. Kan. 1994) ("[I]f the purported disclaimers and limitations are ineffective by reason of the MMWA then the consumer may recover whatever state law allows . . . .").

[22] See 15 U.S.C. § 2302; *Cunningham v. Fleetwood Homes of Ga., Inc.*, 253 F.3d 611, 617 (11th Cir. 2001).

understood, too varied to allow meaningful comparisons, and too restricted to provide meaningful warranty protection.[23] And, the Act's draftsmen sought to remedy these perceived ills by imposing extensive disclosure requirements.[24] Thus, in keeping with the language of the MMWA and the public policy and spirit of the statute, this Court should reject Defendant's argument that Plaintiffs should be bound to the terms of the warranty even if the warranty failed to comply with the MMWA and the applicable regulations.

**4.    Since Plaintiff has properly asserted a claim for substantive violations of the Magnuson Moss Warranty Act, then Plaintiff is entitled to a jury instruction on the issue.**

Here, Defendant objects to Plaintiffs' proposed jury instruction 16A.[25] In its objection, Defendant states that Plaintiffs are not entitled to a MMWA instruction because it is co-extensive with state law claims. However, as described above, there are 3 ways in which a warrantor can violate the MMWA. Although the Plaintiffs breach of the MMWA claim for written and implied warranties is brought as a "gloss" to Plaintiffs' state law breach of warranty claims, Defendant's failure to comply with the form and contents standards of the MMWA is based purely on the federal statute. And, the MMWA does not prevent Plaintiffs from bringing their state law claims along with their federal claims.[26] As such, Plaintiffs are entitled to a jury instruction on Defendant's violation of the MMWA for its failure to conform to the form and contents standards.

---

[23] *Skelton v. Gen. Motors Corp.*, 660 F.2d 311, 314 (7th Cir. 1981) (citing S.Rep.No.93-151, 93d Cong., 1st Sess. 6-8 (1973); H.R.Rep.No.93-1107, 93d Cong., 2d Sess. 22-29, reprinted in (1974) U.S.Code Cong. & Ad.News 7702, 7705-11).

[24] Id.

[25] ECF No. 157.

[26] *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011).

8

Respectfully submitted,

/s/Ronald L. Burdge
RONALD L. BURDGE
Co-Counsel for Plaintiffs
8250 Washington Village Drive
Dayton, Ohio 45458-1850
Telephone:   937.432.9500
Facsimile:    937.432.9503
Email:          Ron@BurdgeLaw.com

## CERTIFICATION

A copy of the foregoing was filed electronically on November 4, 2016.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Ronald L. Burdge
RONALD L. BURDGE
Co-Counsel for Plaintiffs

Z:\data\Hoopes\Trial\Plf Response to Def Supplemental Brief 110416 ss.wpd