# BURDGE | LAW OFFICE

8250 Washington Village Drive | Dayton OH | 45458-1850

In the United States District Court for the Northern District of Indiana at South Bend

Case No. 1:10-cv-00365

Devon and Nathan Hoopes

- vs -

Gulf Stream Coach, Inc., et. al.

## Credentials of Attorney Ronald L. Burdge



PLAINTIFF'S EXHIBIT 1-A

*Helping Consumers and Consumer Law Attorneys, Since 1978*

BurdgeLaw.com
OhioLemonLaw.com
KentuckyLemonLaw.com

Office: 937.432.9500
Fax:     937.432.9503

*Curriculum Vitae of Ronald L. Burdge*

Ronald L. Burdge

Burdge Law Office Co., LPA
8250 Washington Village Drive
Dayton, OH 45458
Voice:   937.432.9500
Fax:     937.432.9503
Email:   Ron@BurdgeLaw.com

Web Sites:

www.RvLemonLaw.com
www.BurdgeLaw.com

Bar Admissions Since 1978:   State of Ohio
Commonwealth of Kentucky
United States Supreme Court
U.S. Court of Appeals 6th Circuit
U.S. District Court of Colorado
U.S. District Court, Northern District, Indiana
U.S. District Court, Southern District, Indiana
U.S. District Court, Western District, Kentucky
U.S. District Court, Northern District, Ohio
U.S. District Court, Southern District, Ohio

Professional Associations:

National Association of Consumer Advocates
    (Former Board of Directors Member, 2010-2016)
Ohio State Bar Association
Kentucky State Bar Association
National Association of Consumer Advocates
International Association of Consumer Law
American Society of Legal Writers
Association of Certified Fraud Examiners, Associate
Total Practice Management Association
Legal Writing Institute
(And various local bar associations)

Page 1

| | | |
|---|---|---|
| Awards: | 2017 | Ohio Super Lawyer, *Thomson Reuters Corp.*, Professional Division |
| | 2016 | Ohio Super Lawyer, *Thomson Reuters Corp.*, Professional Division |
| | 2015 | Ohio Super Lawyer, *Thomson Reuters Corp.*, Professional Division |
| | 2011 | Ohio Super Lawyer, *Thomson Reuters Corp.*, Professional Division |
| | 2010 | Ohio Super Lawyer, *Thomson Reuters Corp.*, Professional Division |
| | 2009 | Ohio Super Lawyer, *Law & Politics* Magazine |
| | 2008 | Ohio Super Lawyer, *Law & Politics* Magazine |
| | 2007 | Ohio Super Lawyer, *Law & Politics* Magazine |
| | 2006 | Ohio Super Lawyer, *Law & Politics* Magazine |
| | 2005 | Ohio Super Lawyer, *Law & Politics* Magazine |
| | 2004 | Consumer Law Trial Lawyer of the Year, National Association of Consumer Advocates (Boston, MA) |
| Board Examiner: | 2002 | Civil Trial Law, National Board of Legal Specialty Certification |
| Education: | 1978 | Juris Doctor degree, University of Dayton, Ohio |
| | 1975 | Bachelor of Arts degree, San Diego State University, California |
| | 1973 | Associate of Arts degree, Merced University, California |

Publications:   *U.S. Consumer Law Attorney Fee Survey Report* (Biannual Report Published from 2000 to 2015)
*2014 Review of Consumer Protection Law Developments,*
   (coauthor, 2014) Am Bar Assn, Section of Antitrust Law
      State Law Chapter, Kentucky
      State Law Chapter, Hawaii
*Ohio Consumer Law,* (coauthor, 2007-2016) West Pub. Co.
      Chapter 6, Odometer Fraud
      Chapter 7, Lemon Law
      Chapter 25, Assistive Device Lemon Law
*2013 Review of Consumer Protection Law Developments,*
   (coauthor, 2013) Am Bar Assn, Section of Antitrust Law
      State Law Chapter, Hawaii
*Confidentiality in Settlement Agreements: Point/Counterpoint,*
   Am Bar Assn, *GPSolo Magazine,* Nov-Dec 2012, 29 GPSolo 25
Ohio Forms of Pleading and Practice, Part I Civil Practice And

Procedure, Civil Rule 8, Form 8:365C, Complaint
*2012 Review of Consumer Protection Law Developments*,
    (coauthor, 2012) Am Bar Assn, Section of Antitrust Law
        State Law Chapter, Hawaii
*Communicating With Your Jury*, Am Bar Assn, GPSolo *eReport*,
    February 2012
*2009 Review of Consumer Protection Law Developments*,
    (coauthor, 2009) Am Bar Assn, Section of Antitrust Law
        State Law Chapter, Hawaii
National Association of Consumer Advocates, *The Consumer
    Advocate*, Contributing Editor
Articles Appearing from 2004 to 2017 in *The Consumer Advocate*
Vol. , No. , Practicing Consumer Law in These Times, 2017
Vol. 14, No. 1, Attorney Fee Hearing Factors & Testimony, 2008
Vol. 13, No. 4, Should You Appeal, Again?, 2007
Vol. 13, No. 2, Why You Must Go To Trial (The Spartan and the
    Trial Lawyer), 2007
Vol. 12, No. 1, How You Can, and Why You Should, Get a Free
    Web Site (NACA Members), 2006
Vol. 11, No. 3, Memo to a New Expert Witness, 2005
Vol. 10, No. 4, Pig's Ear, Meet Silk Purse: 13 Life Lessons, 2004
*When Vehicles Turn Sour: A Look at Ohio's Lemon Law*,
    Cincinnati Bar Association, *The Report*, May 2000
Authored Various Chapters Appearing Since 1997 In:
National Consumer Law Center's Consumer Credit & Sales Legal
Practice Series
    - *Automobile Fraud*
    - *Consumer Warranty Law*
    - *Consumer Law Pleadings*
    - *The Practice of Consumer Law*
*How You Can and Why You Should Get a Free Web Site*, Dayton
    Bar Association, *Dayton Bar Briefs*, November 2005
*Ohio's Consumer Sales Practices Act*, 1995, National Business Inst.

Seminars Given:    July 22, 2016 - Practising Law Institute (San Francisco, CA)
Consumer Law Basics 2016
    - A Primer of Automobile Sales Fraud
November 13-14, 2015 - National Consumer Law Center
(San Antonio, TX)
Consumer Rights Litigation Conference
    - Client Problems & Problem Clients: Ethical Considerations
    - Collecting in Car Cases

Page 3

April 17, 2015 - Committee on Regional Training (Ann Arbor, Mich)
- Auto Fraud Violations and Claims

November 6-10, 2013 - National Consumer Law Center (Washington, DC)
Consumer Rights Litigation Conference
- Marketing Your Consumer Practice: Five Keys
- Building a Practice in a Changing Environment

August 22, 2013 - Fulton Co. Bar Assn (Rochester, IN)
Continuing Legal Education Forum
- Lemon Law Basics

June 29, 2013 - Florida Bar Convention (Boca Raton, FL)
Introduction to the Practice of Consumer Law
- Auto Fraud, Warranty & US Lemon Laws

November 15, 2012 - Fairfield County Bar Association (Lancaster, Ohio)
- Practicing Consumer Law Issues

August 3 - 5, 2012 - National Association of Consumer Advocates (Clearwater, FL)
- Beginner's Auto Fraud 101
- Planning for Trial - Exhibit Use
- Opening Statements at Trial
- Marketing Your Consumer Law Practice
- Settlement Tactics in Consumer Law Cases

May 8, 2012 - National Association of Consumer Advocates
Lemon Law - Beyond the Basics (Webinar)

May 4, 2012 - Ohio State Bar Association (Cincinnati, OH)
2012 Convention
- How to Make a Living Practicing Poverty Law Issues
  (How to Make a Living Practicing Consumer Law Issues)

February 9, 2012 - University of Houston Law Center (Houston, TX)
Visiting Speaker, Consumer Law Studies
- Teleseminar, The Economics of Practicing Consumer Law

December 16, 2011 - National Business Institute
Warranty Law (Teleconference) (West LegalEdcenter)
- Magnuson Moss Warranty Act & FTC Regulations

November 3-6, 2011 - National Consumer Law Center
Consumer Rights Litigation Conference (Chicago, IL)
- Turning Clients' Clunkers Into Successful Claims (substitute speaker)
- Selecting and Preparing Expert Witnesses
- Deposing and Defending Experts in Depositions
- Expert Witnesses at Trial
- Collecting Consumers' Judgments Against Difficult Defendants

October 29, 2011 - National Association of Consumer Bankruptcy Attorneys (Colorado Springs, CO)
- E(entrepreneurial) Lawyer Myths, Business Economics and Success

October 14, 2011 - US Army Garrison & Armed Forces Judge Advocate Offices (Honolulu, Hawaii)
- Teleseminar, Hawaii Lemon Car Laws

July 27, 2011 - Ohio Bar Association, OCLE
Consumer Law Institute (Columbus, OH)
- New Media in Consumer Transactions and Its Implications

April 29, 2011 - National Association of Consumer Advocates
Webinar, Examining the US Consumer Law Attorney Fee Survey Report

November 13, 2010 - National Consumer Law Center
Consumer Rights Litigation Conference (Boston, MA)
- Effective Use of a Documents Examination Expert

October 26, 2010 - University of Houston Law Center (Houston, TX)
Visiting Speaker, Consumer Law Studies
- The Economics of Practicing Law

May 14-16, 2010 - National Association of Consumer Advocates
2010 Autofraud Litigation Conference (Chicago, IL)
- Running a Successful Law Office in a Difficult Economy
- Marketing with Creativity
- Strategies for Getting You and Your Client Paid
- Car Dealer Economics Now
- Using the FTC Holder Rule
- How to Strengthen Your Claim for Attorneys Fees

May 14, 2010 - Institute for Foreclosure Legal Assistance

Grantees Meeting (Chicago, IL)
- Recovering Attorney Fee Awards in Consumer Protection Litigation

May 13, 2010 - Ohio Association for Justice, Consumer Law Seminar Annual Convention (Columbus, OH)
- The Fundamental Secret of Business Success, 2010

October 22-25, 2009 - National Consumer Law Center Consumer Rights Litigation Conference (Philadelphia, PA)
- ABCs of Automobile Litigation, Course Planner & Session
  - Auto Sales 101: an Overview of the Psychology Behind the Retail Auto Sales Industry, 2009
- Doing Well While Doing, Course Planner and 2 Sessions
  - The Fundamental Secret of Business Success, 2009
  - Practicing Law Profitably
- Cross Examination of Adverse Expert Witnesses, 2009

September 17, 2009 - Moritz College of Law, Ohio State University (Columbus, OH) Visiting Speaker, Consumer Law Studies
- The Economics of Practicing Consumer Law
- Understanding the Auto Industry

June 19, 2009 - Legal Services of North Florida & Escambia Santa Rosa Bar Association (Pensacola, FL)
Weathering the Financial Storm - Consumer Advocacy as a Means to Help Your Practice and Clients
- The Auto Sales Fraud Toolbox

February 5, 2009 - University of Houston Law Center (Houston, TX) Visiting Speaker, Consumer Law Studies
- The Economics of Practicing Consumer Law

December 9, 2008 - Ohio Attorney General, Consumer Protection Division (Columbus, OH)
- Duct Tape Discovery: Finding Consumer Fraud & Making it Stick

October 24-26, 2008 - National Consumer Law Center Consumer Rights Litigation Conference (Portland, OR)
- Doing Well While Doing Good, Course Planner & Sessions
  - Lawyer E(ntrepreneur) Myths
  - Successful Billing and Fee Practices
- The Psychology of Opening Statements & Closing Arguments

Page 6

September 6, 2008 - National Association of Consumer Advocates
2008 Mortgage Lending Litigation Conference (Cleveland, OH)
- Recovering Attorney Fees in Consumer Litigation

May 23-24, 2008 - University of Houston Law Center (Houston, TX)
Teaching Consumer Law
- Recovering Attorneys' Fees

May 16-18, 2008 - National Association of Consumer Advocates
2008 Auto Fraud Litigation Conference (Houston, TX)
- Understanding the Auto Industry
- Attorney's Fees, Practices & Issues

November 8-11, 2007 - National Consumer Law Center
Consumer Rights Litigation Conference (Washington, DC)
- Doing Well While Doing Good, Course Planner & Sessions
- Lawyer E(ntrepreneur) Myths
- Billing and Attorney Fee Issues
- Understanding and Using Car Dealer Documents
- A Mock Attorney Fee Hearing

June 14, 2007 - Ohio State Legal Services Association (Columbus, OH)

Discovery in Consumer Law Cases
- The Importance of Developing Cases for Trial

February 1, 2007 - University of Houston Law Center (Houston, TX)
Visiting Speaker, Consumer Law Studies
- The Economics of Practicing Consumer Law

November 10-13, 2006 - National Consumer Law Center (Miami, FL)
Consumer Rights Litigation Conference
- Doing Well While Doing Good
- Recovering Attorney Fees in Car Cases: Practice, Procedure, Thoughts

November 5-8, 2004 - National Consumer Law Center (Boston, MA)
Consumer Rights Litigation Conference
- How to Successfully Sue Dealers for Marking Up Finance Charges

October 26, 2004 - Advocates for Basic Legal Equality (Troy, OH)
Consumer Car Litigation Seminar

September 17-19, 2003 - National Association of Consumer Advocates (Cleveland, OH)

Auto Fraud Conference
- Discovery Practice and Litigation Strategies

September 26, 2003 - Ohio State Bar Association Continuing Legal Education Institute - 8th Annual Consumer Law (Columbus, OH) Institute - Course Planner and 2 Sessions
- Lemon Law Update and Case Summaries
- Handicap Device Lemon Law

October 25-28, 2002 - National Association of Consumer Advocates Consumer Rights Litigation Conference
- Fair Credit Reporting Act and Illegal Credit Pulls by Car Dealers

September 27, 2002 - OSBA - OCLE - 7th Annual Consumer Law (Columbus, OH)
Institute - Course Planner and 2 Sessions
- Current Attorney Fee Cases
- Litigation Strategies and Case Law Update

September 20, 2002 - The Ohio Supreme Court Judicial College "Civil Law Topics - Consumer Sales Practices Act" Judge's Conference
- CSPA, Alternatives to CSPA, Lemon Law, Attorney Fee Issues

April 8, 2002 - The Ohio Supreme Court Judicial College "Consumer Sales Practices Act" Conference for Judges, Course Planner
- CSPA, Alternatives to CSPA, Magnuson Moss Warranty Act, Lemon Law, Attorney Fee Issues

October 26, 2001 - National Association of Consumer Advocates 10th National Consumer Rights Litigation Conference - 2 Sessions
- Putting All the Pieces Together for a Successful Car Case
- Lessons from 20 years of Interviewing Car Case Clients

September 28, 2001 - Ohio State Bar Association Continuing Legal Education Institute - 6th Annual Consumer Law (Columbus, OH) Institute - Course Planner and 4 Sessions
- Magnuson Moss and Related Issues
- The Truth In Lending Act
- Privacy Litigation: A New Frontier
- Mandatory Arbitration Clauses and Related Issues

May 4, 2001 - Ohio Academy of Trial Lawyers 43rd Annual

Convention (Columbus, OH)
Consumer Law Section Seminar
- Preparing for the Fee Hearing & Complying
With Disciplinary Rule Requirements

October 27, 2000 - National Association of Consumer Advocates
9th National Consumer Rights Litigation Conference - 2 Sessions
- Car Financing Scams
- Ways to Cancel a Contract

October 30, 2000 - National Consumer Law Center
Auto Fraud Conference - Sessions
- Attorney Fee Issues
- Presenting Closing Argument

March 24, 2000 - Ohio State Bar Association Continuing Legal
Education Institute Annual "Ohio Consumer Law" Course
(Organizer and Presenter for Prior 8 Annual Courses)

November 17, 1999 - The Ohio Supreme Court Judicial College
"Consumer Law for Municipal Court Magistrates" Conference

November 5, 1999 - National Association of Consumer Advocates
8th National Consumer Rights Litigation Conference
- Common Car Financing Violations
- Credit Services Act Litigation
- Lemon Law Litigation Basics
- How Car Sales Really Work
- Nuts & Bolts of Lemon Litigation

November 8, 1999 - National Consumer Law Center
Auto Fraud Conference - 2 sessions
- Law Office Economics
- Developing Consumer Law Practice

October 10, 1998 - National Association of Consumer Advocates
7th National Consumer Rights Litigation Conference - 1 session
- Law Office Economics

October 12, 1998 - National Consumer Law Center
Automobile Fraud Conference - 2 sessions
- Lender Litigation Practice and Procedures in Warranty Law
- Analyzing Automobile Documents & Spot Delivery

June 13, 1998 - National Association of Consumer Advocates
Consumer Finance and Anti-Fraud Conference

Page 9

        - Auto Financing Issues

March 7, 8, 20, 21, 1991 - Professional Education Systems, Inc. Consumer Law for the Practitioner - 4 Seminars (Statewide), Planner & Sessions
        - Retail Installment Sales Act
        - Federal Trade Commission Act
        - Magnuson-Moss Warranty Act
        - Ohio Lemon Law
        - Conducting the Car Case Client Interview

## Cases

*Brocuglio v. Thor Motor Coach, Inc.*, 2017 U.S. Dist. LEXIS 48499, 2017 WL 1197282 (N.D. Ind. Mar. 31, 2017) (questions of North Carolina Unfair Deceptive Trade Practices Act interpretation and Magnuson Moss Warranty Act decided).

*Popham v. Keystone RV Co.*, 2017 U.S. Dist. LEXIS 5113, 2017 WL 131726, 2017 WL 131726 (N.D. Ind. Jan. 13, 2017) (choice of law questions of Indiana and Texas Unfair and Deceptive Acts laws and interpretation of Texas Deceptive Trade Practices Consumer Protection Act decided).

*Castagna v. Newmar Corp.* (2016, USDC, ND, IN), 2016 U.S. Dist. LEXIS 81013 (questions of venue and Indiana's Udap Law applicability decided).

*Taylor v.. First Resolution Inv. Corp* (2016, Ohio Sp Ct), 2016-Ohio-3444, 2016 WL 3345269, Fed. Banking L. Rep. (CCH) P 101-655 (Amicus counsel for AARP, urging affirmance by Ohio Supreme Court; question of statute of limitations under FDCPA and Ohio Udap Law decided).

*DeVito v Autos Direct Online, Inc.* (2015, Ohio 8th Dist CA), 2015-Ohio-3336 (Arbitration provision requiring non-prevailing party to pay all arbitration costs and expenses was unconscionable and against public policy).

*Hoopes v Gulf Stream Coach* (2015, US DC ND IN), 2014 U.S. Dist. LEXIS 137055 (choice of law case involving defective motor coach claims under state lemon laws and state consumer protection laws, holding that Indiana law would apply and a valid claim was alleged under the Indiana Deceptive Consumer Sales Act).

*Hedeen v. Autos Direct Online, Inc.* (2014, Ohio 8th Dist CA), 2014-Ohio-4200 (In action for breach of contract and consumer claims, arising from alleged failure of seller to inform purchaser that car had been in an accident, trial court erred in staying action for arbitration where the "loser-pays" provision, requiring arbitrator to award seller attorney fees even if purchaser did not file her action in bad faith, is against public policy and is contrary to the protections of the Ohio Consumer Sales Practices Act).

*Stinson v Delta Mgmt Assocs.* (2014, USDC, SD Ohio WD), 2014 U.S. Dist. LEXIS 109836, 2014 WL 3893209 (Court granted final approval of class certification and settlement of FDCPA case).

*Whittle v Davis* (2014, Ohio 12th Dist CA), 2014-Ohio-445 (interpreting Civil Rule 60(B), 7(B) and Evidence Rule 104(A), car dealer's motion to vacate consumer's judgment against the car dealership was properly denied by trial court).

*Whittle v Davis* (2013, Ohio 12th Dist CA), 2013-Ohio-1950 (holding that a car dealer who defaults and fails to defend a case against it still has the right to a hearing on the damages its conduct caused the injured consumer)(judgment for consumer on retrial; merchant's 2nd appeal pending).

*Blankenship v CFMoto Powersports, Inc., et al* (2011, Ohio Clermont Co Common Pleas Court), 2011-Ohio-6946, 961 N.E.2d 750, 166 Ohio Misc.2d 21 (certifying a class action under Ohio's CSPA statute involving allegations of class-wide false representations and marketing practices by Chinese manufacturer and its American importer and its dealers regarding the sale of imported Chinese motorcycles, the court examined in detail every requirement for class action certification, resulting in 55 West Reporter headnotes and 28 Lexis headnotes, and the court's finding that the lawyers at Burdge Law Office had "extensive experience in the field of consumer law and specifically the Consumer Sales Practices Act" at Para. 46).

*Blankenship v CFMoto Powersports, Inc., et al* (2011, Ohio Clermont Co Common Pleas Court), 2011-Ohio-948 (interpreting the application of Ohio's CSPA class action requirements, as established by *Marrone v Philip Morris USA*, to alleged false representations and marketing practices by Chinese manufacturer and its American importer and its dealers regarding the sale of imported Chinese motorcycles).

*Durham v Forest River, Inc.* (2010, Ohio 5th Dist CA), 2010-Ohio-6654 (upholding award of over $159,000 for attorney fees in prosecuting Rv lemon law case through verdict; standard for appellate review of attorney fee decision is abuse of discretion; affirming application of attorney fee factors in *Bitter v Tri-County Toyota*, 58 Ohio St.3d 143).

*O'Neill v Tanoukhi dba 4 Wheels* (2010, Ohio 7th Dist CA), 2011-Ohio-2626, (deciding that (1) a party does not need to make a Civil Rule 52 request for findings of fact and conclusions of law to obtain specific findings on the trial court's fee decision in a fee motion under the Ohio Consumer Sales Practices Act, and (2) when determining the amount of attorney fees to award under the Ohio Consumer Sales Practices Act, a trial court is required to set forth its methodology with sufficient specificity for its basis that a meaningful appellate review can be conducted)

*Olah v Ganley Chevrolet, Inc.* (2010, Ohio 8th Dist. CA), 191 Ohio App.3d 456, 2010-Ohio-5485 (deciding the extent of effect of Parole Evidence Rule in auto sales fraud case involving multiple claims).

*Stammco LLC v United Telephone Co. Of Ohio* (2010, Ohio Supreme Court), 2010-Ohio-1042 (*Amicus* brief on behalf of National Association of Consumer Advocates; determining propriety of requirements for class definition of class certified in "cramming" case of causing unauthorized charges to be placed on customers' telephone bills).

*Green v Germain Ford of Columbus, LLC* (2009, Ohio 10th Dist. CA), 2009-Ohio-5020 (deciding final appealable order questions).

*Brown v CincyAutos, Inc.* (2009, Ohio USDC SD), 2009 U.S. Dist. LEXIS 1707 (a violation of the FTC Used Car Window Sticker Rule, 16 CFR 455.1, is a per se violation of the Ohio Consumer Sales Practices Act; there is no bona fide error defense to 16 CFR 455.1)

*Williams v Spitzer Autoworld Canton LLC* (2009, Ohio Supreme Court), 2009-Ohio-3553 (*Amicus* brief on behalf of National Association of Consumer Advocates and Ohio Association for Justice; allowing Parole Evidence Rule to take effect in claims under the Consumer Sales Practices Act).

*Searles v Germain Ford of Columbus LLC* (2009, Ohio 10th Dist. CA), 2009-Ohio-1323 (interpreting Ohio's Civil Rule on class action cases and certification question involving alleged violation of FTC regulation).

*Shumaker v Hamilton Chevrolet, Inc.* (2009, Ohio 4th Dist. CA), 2009-Ohio-5263 (involving mootness of appeal when judgment partially satisfied, whether violation of Federal Trade Commission rule constituted CSPA violation, and interpretation of OAC's Ohio Motor Vehicle Sales Rule).

*Gordon v Gulf Stream Coach, Inc.* (2008, USDC ND, ED), 2008 WL 3200257, 2008 US Dist. LEXIS 90467 (defendant's motion to transfer venue, based on venue clause in factory warranty signed by plaintiffs, was denied).

*Searles v Germain Ford of Columbus LLC* (2007, Ohio), 2007-Ohio-7140, 174 Ohio App.3d 555 (Case of first impression determining that a consumer can bring both individual claims and a class action claim in the same case under Ohio's Unfair and Deceptive Acts and Practices statute).

Searles v Germain Ford of Columbus LLC (2007, 10th Dist. CA), 2007-Ohio-7140, 174 Ohio App.3d 555, 883 N.E.2d 480 (holding that a consumer could bring both individual claims and class action claims in single Complaint).

*Toy v Mazza* (2007, Ohio 11th Dist. CA), 2007-Ohio-6406 (class certification questions under Civ. R. 23(B)).

*Anousheh v Planet Ford, Inc.* (2007, Ohio 2nd Dist. CA), 2007-Ohio-4543 (upholding admission of CarFax report as evidence, reversing on jury instruction error).

*Klimaszewski v Ganley, Inc.* (2007, Ohio 8th Dist. CA), 2007-Ohio-3766 (reversing trial court's decision to enforce arbitration clause in sales contract).

*Reagans v Mountainhigh Coach, et al* (2006, Ohio Supreme Court), 2006-Ohio-271 (Case of first impression for Supreme Court, determining the extent of an innocent lender's liability for defunct seller's claims and defenses under 16 CFR 433, the FTC Holder Rule).

*Walker v State Farm Mut. Auto Ins. Co.* (2006, Ohio Lucas Co. CP), 2006-Ohio-7255, 141 O.Misc.2d 36 (contrary to several other trial court decisions, the court here held that a Consumer Act claim can not be stated against an insurance company).

*Whitaker v. M.T. Automotive, Inc.* (2006, Ohio Supreme Court), 111 Ohio St.3d 177, 2006-Ohio-5481 (*Amicus* brief on behalf of National Association of Consumer Advocates; allowing recovery of trebled noneconomic damages under the Consumer Sales Practices Act).

*Smith v General Motors Corp., et al* (2006, Ohio 2nd Dist. CA), 168 Ohio App.3d 336, 2006-Ohio-4283, 2006 WL 2381873 (allowing an expert to testify on car dealer sales terminology and tactics and upholding a punitive damage ratio of $840 actual damages to $35,000 punitive).

*Walker v State Farm Mut. Auto. Ins. Co.* (2006, Ohio Com.Pl.), 2006-Ohio-7255, 141 Ohio Misc.2d 36 (insurance company liability question arising from insurer's sale of car with clean title instead of salvage title after car declared total loss).

*Johnson v Ford Motor Co.* (2006, U.S.D.C. IN), 2006 U.S. Dist. LEXIS (resolving jurisdiction dispute when single case exists on two District Court dockets in different states, arising from transfer and retransfer due to choice of law clause in warranty).

*Olah v Ganley Chevrolet, Inc.* (2006, Ohio 8th Dist. CA), 2006-Ohio-694, 2006 WL 350204 (holding an arbitration process to be unconscionable when it misleads a consumer and fails to disclose material terms of the arbitration process).

*Johnson v Ford Motor Co.* (2006, U.S.D.C. IN), 2006 U.S.Dist. LEXIS 10148 (West Virginia District Court case transferred back to W. Va., choice of law clause in warranty held invalid).

*Reagans v Mountainhigh Coach, et al* (2006, Ohio 2nd Dist. CA), 2006-Ohio-423 (Court of Appeals decision determining the extent of an innocent lender's liability for defunct seller's claims and defenses under 16 CFR 433, the FTC Holder Rule).

*Harris v Ford Motor Co.* (2006, Ohio 2nd Dist. CA), 2006-Ohio-259 (holding that a dispute resolution process under the Lemon Law is an administrative process that is waived if not specifically pled as an affirmative defense).

*Brooks v Kia Motors America, Inc.* (2006, Ohio Com.Pl.), 2006 WL 662745 (holding that when a car dealer charges for "Hazardous Waste" or "Shop Supplies" without providing conspicuous notice or posting a conspicuous sign, it violates the Ohio CSPA statute).

*McGuinea v Ganley Nissan, Inc.* (2005, Ohio 8th Dist. CA), 2005-Ohio-6239 (holding that party claiming arbitration mechanism as a defense must introduce evidence of an agreement to arbitrate).

*Anderson v DaimlerChrysler Corp.* (2005, Ohio Cmn.Pl.) 2005 WL 3891034 (holding that when a car dealer violates the FTC Holder Rule, 16 CFR 433.1, it violates the Ohio CSPA statute).

*Blanco v KeyBank USA, NA* (2005, USDC, ND OH), 2005 WL 4135013 (class action involving variable rate loan disclosures under the Truth In Lending Act, 15 USC 1601).

*Able v KeyBank USA, NA* (2005, USDC, ND OH) (attorney fees in class action involving variable rate loan disclosures under the Truth In Lending Act, 15 USC 1601).

*Temple v Fleetwood Enterprises, Inc.* (2005, US CA6 Ohio), 133 Fed. Appx. 254, 2005 WL 1285719 (interpreting Ohio Lemon Law, Magnuson Moss Act, liability of recreational motor home manufacturer).

*Arnold v. Volkswagen of Am., Inc.* (2005, Ohio 2nd Dist. CA), 2005-Ohio-1710, 2005 Ohio App. LEXIS 1644 (case of first impression requiring Indiana car dealer engaged in internet transactions with Ohio residents to be licensed under Ohio's Motor Vehicle Dealer Licensing statute and holding the failure to violate the Ohio Consumer Sales Practices Act).

*Bolt vs Yamaha* (2004, Ohio), 2004-Ohio-1205, 2004 Ohio App. LEXIS 1052 (a "lemon" boat case interpreting difference in implied warranties of merchantability and fitness for particular purpose and fitness for use).

*Abel vs Keybank USA* (2004, US DC ND, OH), 2004 WL 540699, 2004 U.S.Dist. LEXIS 4601 (class action certified in case involving statutory conflict between Ohio Retail Instalment Sales Act and the National Bank Act).

*Abel v Keybank USA, NA* (2004, USDC ND OH), 313 F.Supp.2d 720 (interpreting statutory conflict between Ohio Retail Instalment Sales Act and the National Bank Act).

*Likes v General Motors Corp.* (2003, Ohio Lucas Co CP), 2003 WL 26073793 (the failure to list the term "Buyback Vehicle" on the title, before the reacquired vehicle was resold, is a violation of the Consume Sales practices Act).

*Rose v Rusnak Automotive Group* (2002, USDC SD OH), 2002 U.S. Dist. LEXIS 7369 (personal jurisdiction in Ohio proper where California car dealer advertised in a

magazine of national circulation and consumer signed sales contract in Ohio and dealer delivered car to Ohio).

*Browning v. Am. Isuzu Motors, Inc.* (2002, Ohio Montgomery Co CP), 2002 WL 32063978, deciding that a vehicle was a "new motor vehicle" under the Lemon Law if it was purchased within its first eighteen thousand miles of operation and within one year of the original delivery date. This statutory interpretation was later validated by the Ohio Supreme Court in Curl v Volkswagen, 2007-Ohio-3609.

*Cincinnati ex rel Ritter vs Cincinnati Reds LLC* (2002, Ohio 1st Dist. CA), 2002-Ohio-2078, 150 Ohio App.3d 728 (interpreting Ohio's taxpayer rights statute).

*Boyle vs. DaimlerChrysler Corp.* (2002, Ohio 2nd Dist. CA), 2002-Ohio-4199, 2002 Ohio App. LEXIS 4367, 2002-2 Trade Cas. (CCH) P73,774 (a "lemon law" case involving a handicap-conversion van, holding that the breach of a warranty can diminish the value of a vehicle and that can be unfair to the consumer).

*Bryant vs. Walt Sweeney Automotive, Inc.* (2002, Ohio 1st Dist. CA), 2002-Ohio-2577, 2002 Ohio App. LEXIS 2657, 02-LW-1985 (an "autofraud" case involving a used car sold "as is" where jury instructions and the applicability of the Tort Reform Act's burden of proof in common law fraud were contested).

*McIntire v Ford Motor Co.* (2001, S.D. Ohio), 142 F.Supp.2d 911 (a class action involving misrepresentations that manufacturer's Lemon Law arbitration process was mandatory and approved by Ohio Attorney General and Federal Trade Commission).

*Snook vs Ford Motor Co., et al* (2001, Ohio 2nd Dist. CA), 142 Ohio App.3d 212, 755 N.E.2d 380 (case of first impression, holding the Credit Services Organization Act to be applicable to a car dealership where money is paid for dealership's credit services).

*Hall vs Jack Walker Pontiac Toyota, Inc., et al* (2001, Ohio 2nd Dist. CA), 143 Ohio App.3d 678, 758 N.E.2d 1151 (discussing class action certification requirements in light of the Credit Services Organization and Consumer Acts and car dealership sales and financing practices).

*Morales v Walker Motor Sales, Inc.* (SD Ohio 2000), 162 F.Supp.2d 786 (interpreting lending institution liability under the FTC "anti holder in due course" rule in the absence of the mandatory language).

*Sannes vs. Jeff Wyler Chevrolet, Inc.* (1999, Ohio Clermont Co. CP), 107 Ohio Misc.2d 6 107 N.E.2d 112 (the first case in Ohio to apply Ohio's Credit Services Organization Act to the financing practices of a car dealership).

*Birch v Al Castrucci, Inc.* (1999, Ohio 2nd Dist. CA), 1999 Ohio App. LEXIS 3816 (holding it to be illegal for a car dealer to have a consumer sign any new car sales document before disclosing prior damage in excess of minimum repair allowed by law).

Page 15

*Sannes vs. Jeff Wyler Chevrolet, Inc.* (1999, Ohio Clermont Co. CP), 107 Ohio Misc.2d 11, 736 N.E.3d 116 (Motion for Reconsideration denied with further elaboration by trial court on the application of Ohio's Credit Services Organization Act).

*Davenport vs Score Automotive, Inc.* (1997, Ohio 12th Dist. CA), 1997 Ohio App. LEXIS 5337 (interpreting right to rescission and substantial use of goods under Ohio Consumer Sales Practices Act and Commercial Code).

*In re General Motors Corp. Anti-Lock Brake Products* (1997, ED Missouri, ED), 966 F.Supp. 1525 (multidistrict litigation involving allegations under breach of warranty, fraud and CSPA statutes).

*Birch v Al Castrucci, Inc.* (1995, Ohio 2nd Dist. CA), 1995 Ohio App. LEXIS 3227 (interpreting a jury waiver in a consumer contract to be presumptively enforceable).

*Turner vs. Bob Ross Buick, Inc.* (1993, Ohio 2nd Dist. CA), 629 N.E.2d 1372, 1993 WL 485256, Cert. Denied 69 Ohio St.3d 1410 (upholding a Jury verdict of $120,000 punitive damages in a consumer fraud case under the Ohio Consumer Sales Practices Act involving $1,300 of undisclosed repairs in the sale of a used car, purchased by an attorney; the consumer recovered over $142,000, including interest on the judgment, and kept the car).

*State of Ohio and Irving Zeff vs. Rose Chevrolet, Inc.* (1993, Ohio 12th Dist. CA), 622 N.E.2d 543, 1993 WL 229392, Cert. Denied 67 Ohio St.3d 1506 (a certified class action case over Rose's practice of selling used rental cars as "factory official" cars).

*Sprovach vs. Bob Ross Buick, Inc.* (1993, Ohio 2nd Dist. CA), 628 N.E.2d 82 (the seminal case that decided when attorney fees should be requested under the Ohio Consumer Sales Practices Act).

*Bittner vs. Tri-County Toyota, Inc.* (1991, Ohio Supreme Court), 58 Ohio St.3d 143 (a ground-breaking case that decided how an award of attorney fees is to be calculated under the Ohio Consumer Sales Practices Act).

*Einhorn vs. Beau Townsend Ford, Inc.* (1990, Ohio Supreme Court), 48 Ohio St.3d 27 (this case resolved the Appellate District courts' conflicting interpretations on the meaning of "knowingly" under the Ohio Consumer Sales Practices Act).

*Zeff vs Rose Chevrolet, Inc.* (1989, Ohio 12th Dist. CA), 62 Ohio App.3d 54, 574 N.E.2d 562 (Class action certification decision appeal was upheld on reconsideration of unreported decision dismissing appeal of certification decision).

*Brown vs. Liberty Clubs* (1989, Ohio Supreme Court), 45 Ohio St.3d 191 (this 10 year long lawsuit went to the court of appeals twice before the Supreme Court held that the Ohio Consumer Sales Practices Act covers a "mixed" consumer transaction involving both personal and real property).

*Rose Chevrolet, Inc, vs. Adams* (1988, Ohio Supreme Court), 36 Ohio St.3d 17 (doing the appellate work on this bitterly fought case, Mr. Burdge's appellate argument involved the burden of proof a consumer needed in order to set aside a default judgment under Civil Rule 60-B).

*Hardeman vs. Wheels, Inc.* (1988, Ohio 12th Dist. CA), 56 Ohio App.3d 142 (in this case of first impression the Court of Appeals interpreted the Federal Trade Commission's Trade Regulation Rule 16 C.F.R. 433.2(a), and adopted Mr. Burdge's characterization of it as the "anti-holder in due course" clause, deciding the claims and defenses which an innocent consumer could assert against an innocent financier of a new car sold by a fraudulent car dealer).

*Crull vs. Maple Park Body Shop* (1987, Ohio 12th Dist. CA), 36 Ohio App.3d 153 (this case of first impression interpreted the Ohio Fictitious Name Act and its interplay with the Ohio Consumer Sales Practices Act).

*In re Hurst Lincoln-Mercury, Inc., Thomas vs. Hurst Lincoln-Mercury, Inc.* (SD Ohio 1987), 72 Bankr. R. 747 (this case involved the personal liability of the owner of a defunct car dealership to consumers for his "title-kiting" and failure to deliver titles to sold vehicles).

*Brooks vs. Hurst Buick-Pontiac-Olds-GMC, Inc.* (1985, Ohio 12th Dist. CA), 23 Ohio App.3d (this leading case of first impression established the definition of "knowing" under the Ohio Consumer Sales Practices Act which was eventually adopted by other state Appellate Courts and the Supreme Court in another case handled by Mr. Burdge).

*In re Clemons dba Clemons Marine Sports, Jarnicki, Trustee v Clemons* (1984, USBC SD OH WD), 42 B.R. 796 (trustee action regarding merchant's concealment of assets and lien disqualification).

*Davidson vs Hurst Buick Olds, Pontiac, GMC* (1984, Ohio 12th Dist. CA), 1984 Ohio App. LEXIS 8757 (12th Dist. CA) (interpreting Ohio's "Savings Statute" which gives a consumer the lawful right to voluntarily drop their case and refile it again later if they want to).

*In re Matter of Jones* (1983, USBC SD OH OH WD), 27 B.R. 374 (creditor's liability for stay violation).

*In Re Matter of Thacker* (SD Ohio 1982), 24 Bankr. R. 835 (this case held an attorney liable to a consumer for the attorney"s violation of a Bankruptcy Court"s "Stay Order" which was caused by the attorney"s deliberate garnishment of the consumer"s account and the attorney"s failure to refund the garnishment).

*Valandingham v Jack Walker Pontiac Toyota, Inc.* (1982, Ohio Com.Pl.), 1982 WL 593294 (case of first impression on setoff in contract rescission and allowable stacking of damages under UCC and CSPA and Magnuson Moss Warranty Act).

Page 17

*Benchic vs. Century Entertainment Corp.* (SD Ohio 1982), 25 B.R. 502; *Matter of Century Entertainment Corp.* (SD Ohio 1982), 21 B.R. 160; *Benchic vs. Century Entertainment Corp.* (SD Ohio 1982), 20 B.R. 126 (these class action cases involved violation of numerous consumer protection laws by a company in Chapter 11 bankruptcy).

*In Re Walter* (SD Ohio 1982), 17 B.R. 644 (interpreting the consumer protection provisions of the Ohio Retail Instalment Sales Act and the Truth In Lending Act, in relation to the U.S. Bankruptcy Code).

*Phillips vs. Cincinnati Insurance Company* (1979, Ohio Supreme Court), 60 Ohio St. 2d 180 (this ground breaking case involved a fight between an insurance company and a consumer over a $1500 pickup truck that was stolen from the consumer-owner; the Supreme Court held, for the first time, that an innocent purchaser of a stolen motor vehicle has an insurable interest in the vehicle and the insurance company had to pay the claim).

*Brown v Spears* (1979, Ohio Mun.), 1979 WL 525451 (case of first impression finding violation of Magnuson Moss Warranty Act to be a per se violation of the Ohio CSPA statute).

\\server\data\data\Hoopes\Atty Fees\A CV of Ronald Burdge for RV CASES 042617.wpd