# BURDGE | LAW OFFICE

8250 Washington Village Drive | Dayton OH | 45458-1850

In the United States District Court for the Northern District of Indiana at South Bend

Case No. 1:10-cv-00365

**Devon and Nathan Hoopes**

- vs -

Gulf Stream Coach, Inc., et. al.

## Credentials of Attorney Elizabeth Wells



PLAINTIFF'S EXHIBIT 1-B

*Helping Consumers and Consumer Law Attorneys, Since 1978*

BurdgeLaw.com
OhioLemonLaw.com
KentuckyLemonLaw.com

Office: 937.432.9500
Fax:     937.432.9503

## *Credentials of Elizabeth Ahern Wells*

Elizabeth Ahern Wells
Associate Attorney, 2004-2015
Partner, 2015-Present
Burdge Law Office Co., LPA
8250 Washington Village Drive
Dayton, OH 45458

Voice:     937.432.9500
Fax:       937.432.9503
Email:     Beth@BurdgeLaw.com

Bar Admissions Since 2004:

    State of Ohio
    Commonwealth of Kentucky
    U.S. District Court, Southern District of Ohio
    U.S. District Court, Northern District of Ohio
    U.S. District Court, Eastern District of Kentucky
    U.S. District Court, Western District of Kentucky
    U.S. District Court, Northern District of Indiana
    U.S. District Court, Southern District of Indiana

Professional Associations:
    Member, Dayton Bar Association
    Member, Ohio State Bar Association
    Member, Kentucky State Bar Association
    Member, National Association of Consumer Advocates

Education:
    2004    Juris Doctor degree, University of Toledo College of Law
    2000    Bachelor of Arts degree, Clemson University, South Carolina

Awards:    Ohio Super Lawyers Rising Star, Consumer Law, 2013, *Thompson Reuters*

    Ohio Super Lawyers Rising Star, Consumer Law, 2014, *Thompson Reuters*

    Ohio Super Lawyers Rising Star, Consumer Law, 2015, *Thompson Reuters*

>Ohio Super Lawyers Rising Star, Consumer Law, 2016, *Thompson Reuters*

Publications:

>*Ohio Consumer Law Handbook*, Thomson West Pub. Co., Co-Author Chapter 25, Assistive Device Lemon Law (2007-2016)
>
>*Ohio Consumer Law Handbook*, Thomson West Pub. Co., Co-Editor Chapter 6, Odometer Fraud (2007-2016)
>
>*Ohio Consumer Law Handbook*, Thomson West Pub. Co., Co-Editor Chapter 7, Lemon Law (2011-2016)
>
>Articles Appearing from 2010 to 2013 in the Dayton Bar Association Magazine, *Bar Briefs*
>
>*Bar Briefs*, Dayton Bar Association, December 2013, Vol. 63, No. 4, Chancery Club October Luncheon Recap
>
>*Bar Briefs*, Dayton Bar Association, September 2013, Vol. 63, No. 1, The Annual DBA Night at the Dragons' Lair's a Sizzling Success
>
>*Bar Briefs*, Dayton Bar Association, June 2013, Vol. 62, No. 10, Barrister of the Month Article
>
>*Bar Briefs*, Dayton Bar Association, Summer 2011, Vol. 60, No. 12, 5th Annual *5 For the Kids* a Rousing Success
>
>*Bar Briefs*, Dayton Bar Association, February 2011, Vol. 60, No. 7, Barrister of the Month Article
>
>*Bar Briefs*, Dayton Bar Association, May 2010, Vol. 54, No. 10, Barrister of the Month Article
>
>*Warrantless Traffic Stops: A Suspension of Constitutional Guarantees in Post September 11th America*, 34 U. Tol. L. Rev. 899 (2003)

Speaking Engagements:

>April 2008    University of Toledo College of Law - Consumer Law Current Issues

| | |
|---|---|
| April 2009 | University of Toledo College of Law - Consumer Law Current Issues |
| August 2012 | NACA Autofraud Conference 2012 - Third Party Witnesses, Direct & Cross |
| August 2012 | NACA Autofraud Conference 2012 - Defense Expert Witnesses, Direct & Cross |
| October 2013 | NCLC Consumer Rights Litigation Conference - Winning Cases in Arbitration |
| April 2016 | NACA Autofraud Conference 2016 - Arbitration |
| October 2016 | NCLC Consumer Rights Litigation Conference - Magnuson Moss Warranty Act in Auto Cases |

**Reported Cases**

*Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 384 (N.D. Ill. 2015)(striking Defendants' affirmative defenses should be stricken under Rule 12(f)).

*DeVito v. Autos Direct Online, Inc.*, 2015-Ohio-3336, 37 N.E.3d 194, 2015 Ohio App. LEXIS 3357 (Ohio Ct. App., Cuyahoga County 2015)(en banc decision striking a portion of an arbitration clause as contrary to public policy).

*Hedeen v. Autos Direct Online, Inc.*, 2014-Ohio-4200, P1, 19 N.E.3d 957, 960, 2014 Ohio App. LEXIS 4115, 1 (Ohio Ct. App., Cuyahoga County 2014)(holding an arbitration clause unenforceable as contrary to public policy).

*Whittle v. Davis*, 2014 Ohio Misc. LEXIS 21813, *1 (Ohio C.P. Apr. 15, 2014)(holding that defendant was not entitled to attorney fees and costs for first appeal under the Consumer Sales Practices Act because plaintiff did not bring the action in bad faith, nor was it groundless)

*Whittle v. Davis*, 2014 Ohio Misc. LEXIS 21812, *1 (Ohio C.P. Apr. 14, 2014)(holding that plaintiff was entitled to attorney fees and costs under the Consumer Sales Practices Act as a prevailing party for time spent during the second appeal).

*Whittle v. Falcon Auto Sales* (2014, Ohio 12th Dist CA), 2014-Ohio-445 (holding that denial of a car dealer's motion to vacate entry of default judgment against it was not an abuse of discretion).

*Guest v. Provident Funding Assocs.*, 2013 U.S. Dist. LEXIS 34869, *1 (S.D. Ohio Mar. 13, 2013)(Decision and Entry Overruling in Part and Sustaining in Part Defendant Matthew Pingeton's Motion to Dismiss in identity theft case brought by consumer).

*Whittle v. Falcon Auto Sales* (2013, Ohio 12th Dist CA), 2013-Ohio-1950 (holding that a car dealer who defaults and fails to defend a case against it still has the right to a hearing on the damages its conduct caused the injured consumer)(judgment for consumer on damages hearing; judgment for consumer affirmed in second appeal).

*Blankenship v. CFMoto Powersports, Inc., et al* (2011, Ohio Clermont Co Common Pleas Court), 2011-Ohio-6946 (certifying a class action under Ohio's CSPA statute involving allegations of class-wide false representations and marketing practices by Chinese manufacturer and its American importer and its dealers regarding the sale of imported Chinese motorcycles, the court examined in detail every requirement for class action certification, resulting in 55 West Reporter headnotes and the court's finding that the lawyers at Burdge Law Office had "extensive experience in the field of consumer law and specifically the Consumer Sales Practices Act" at Para. 46).

*Blankenship v. CFMoto Powersports, Inc., et al* (2011, Ohio Clermont Co Common Pleas Court), 2011-Ohio-948 (interpreting the application of Ohio's CSPA class action requirements, as established by *Marrone v Philip Morris USA*, to alleged false representations and marketing practices by Chinese manufacturer and its American importer and its dealers regarding the sale of imported Chinese motorcycles).

*O'Neill v. Tanoukhi dba 4 Wheels* (2010, Ohio 7th Dist CA), 2011-Ohio-2626, (deciding that (1) a party does not need to make a Civil Rule 52 request for findings of fact and conclusions of law to obtain specific findings on the trial court's fee decision in a fee motion under the Ohio Consumer Sales Practices Act, and (2) when determining the amount of attorney fees to award under the Ohio Consumer Sales Practices Act, a trial court is required to set forth its methodology with sufficient specificity for its basis that a meaningful appellate review can be conducted)

*Olah v. Ganley Chevrolet, Inc.* (2010, Ohio 8th Dist. CA), 191 Ohio App.3d 456, 2010-Ohio-5485 (deciding the extent of effect of Parole Evidence Rule in auto sales fraud case involving multiple claims).

*Green v. Germain Ford of Columbus, LLC* (2009, Ohio 10th Dist. CA), 2009-Ohio-5020 (deciding final appealable order questions).

*Williams v. Spitzer Autoworld Canton LLC* (2009, Ohio Supreme Court), 2009-Ohio-3553 (*Amicus* brief on behalf of National Association of Consumer Advocates and Ohio Association for Justice; allowing Parole Evidence Rule to take effect in claims under the Consumer Sales Practices Act).

*Searles v. Germain Ford of Columbus LLC* (2009, Ohio 10th Dist. CA), 2009-Ohio-1323 (interpreting Ohio's Civil Rule on class action cases and certification question involving alleged violation of FTC regulation).

*Gordon v. Gulf Stream Coach, Inc.* (2008, USDC ND, ED), 2008 WL 3200257 (defendant's motion to transfer venue, based on venue clause in factory warranty signed by plaintiffs, was denied).

*Searles v. Germain Ford of Columbus LLC* (2007, Ohio), 2007-Ohio-7140, 174 Ohio App.3d 555 (Case of first impression determining that a consumer can bring both individual claims and a class action claim in the same case under Ohio's Unfair and Deceptive Acts and Practices statute).

*Anousheh v. Planet Ford, Inc.* (2007, Ohio 2nd Dist. CA), 2007-Ohio-4543 (upholding admission of CarFax report as evidence, reversing on jury instruction error).

*Klimaszewski v. Ganley, Inc.* (2007, Ohio 8th Dist. CA), 2007-Ohio-3766 (reversing trial court's decision to enforce arbitration clause in sales contract).

*Reagans v. Mountainhigh Coach, et al* (2006, Ohio Supreme Court), 2008-Ohio-271 (Case of first impression for Supreme Court, determining the extent of an innocent lender's liability for defunct seller's claims and defenses under 16 CFR 433, the FTC Holder Rule).

*Smith v. General Motors Corp., et al* (2006, Ohio 2nd Dist. CA), 168 Ohio App.3d 336, 2006-Ohio-4283, 2006 WL 2381873 (allowing an expert to testify on car dealer sales terminology and tactics and upholding a punitive damage ratio of $840 actual damages to $35,000 punitive).

*Olah v. Ganley Chevrolet, Inc.* (2006, Ohio 8th Dist. CA), 2006-Ohio-694, 2006 WL 350204 (holding an arbitration process to be unconscionable when it misleads a consumer and fails to disclose material terms of the arbitration process).

*Reagans v. Mountainhigh Coach, et al* (2006, Ohio 2nd Dist. CA), 2006-Ohio-423 (Court of Appeals decision determining the extent of an innocent lender's liability for defunct seller's claims and defenses under 16 CFR 433, the FTC Holder Rule).

*Harris v. Ford Motor Co.* (2006, Ohio 2nd Dist. CA), 2006-Ohio-259 (holding that a dispute resolution process under the Lemon Law is an administrative process that is waived if not specifically pled as an affirmative defense).

*McGuinea v. Ganley Nissan, Inc.* (2005, Ohio 8th Dist. CA), 2005-Ohio-6239 (holding that party claiming arbitration mechanism as a defense must introduce evidence of an agreement to arbitrate).

## Private Arbitration Awards

*Chumney v. Jeff Wyler Kings, Inc.* (Arbitrated September 28, 2016 in Dayton, Ohio), American Arbitration Association Case Number 01-15-0005-0522 (Arbitrator ruled in favor of the Consumer on Ohio Consumer Sales Practices Act claims in motor vehicle sales fraud case).

*Sears v. CarMax Superstores, Inc., et al.* (Arbitrated April 21, 2016 in Dayton, Ohio), American Arbitration Association Case Number 01-15-0005-0405 (Arbitrator ruled in favor of the Consumer on Ohio Consumer Sales Practices Act claims in motor vehicle sales fraud and breach of warranty case).

*Summers v. Gran Sport Motor LLC* (Arbitrated April 16-17, 2014 in Columbus, Ohio), American Arbitration Association Case Number 52 E 434 00157 13 (Arbitrator Judge Painter ruled in favor of the Consumer on Ohio Consumer Sales Practices Act claims in motor vehicle sales fraud case).

*Price v. Destiny's Auto Sales LLC* (Arbitrated May 6, 2011 in Columbus, Ohio), American Arbitration Association Case Number 52 434 E 00679 10 (Arbitrator ruled in favor of the Consumer on Ohio Consumer Sales Practices Act and fraud claims in motor vehicle sales fraud case; decision confirmed in Court).

*Korfhage v. Farmer H-L, LLC dba Hyundai of Louisville* (Arbitrated April 20, 2010 in Prospect, Kentucky), American Arbitration Association Case Number 52 434 E 00312 09 (Arbitrator ruled in favor of the Consumer on Kentucky Consumer Protection Act and fraud claims in motor vehicle sales fraud case).

*Klimaszewski v. Ganley, Inc.* (Arbitrated November 10, 2009 in Cleveland, Ohio), American Arbitration Association Case Number 53 434 E 00304 09 (Arbitrator ruled in favor of the Consumer on Ohio Consumer Sales Practices Act and fraud claims in motor vehicle sales fraud case).

*George v. Ganley East, Inc.* (Arbitrated July 20, 2007 in Beachwood, Ohio), American Arbitration Association Case Number 53 188 E 00027 07 (Arbitrator ruled in favor of the Consumer on Ohio Consumer Sales Practices Act and fraud

claims in motor vehicle sales fraud case).

Z:\data\Hoopes\Atty Fees\Beth CV 042117 bw.wpd